512 S.W.2d 789 (1974)
In the Matter of D. E. P., from Brazoria, Appellant.[*]
No. 1044.
Court of Civil Appeals of Texas, Houston (14th Dist.).
September 25, 1974.
*790 Marcial A. Knapp, Angleton, for appellant.
Tom Watson, Asst. Dist. Atty., Angleton, for appellee.
CURTISS BROWN, Justice.
This appeal involves proceedings against the minor D.E.P. in the Juvenile Court. Title 3 of the Family Code, V.T.C.A., constitutes a comprehensive act governing handling of "delinquent" children and "children in need of supervision."
The act covers all aspects of the handling of the "child" as defined by section 51.02. Specifically, the act sets forth in precise detail the requirements of the "adjudication hearing" (section 54.03), "disposition hearing" (section 54.04) and "hearing to modify disposition" (section 54.05).
An adjudication hearing was held on January 16, 1974 and the appellant (or child) was found to be delinquent. The charges against him were serious and fully justified a finding of delinquency by the juvenile court under section 51.03 of the code. A disposition hearing was held immediately following the adjudication of delinquency.[1] He was committed to the Texas Youth Council but was granted probation on specified terms. There was no appeal from these proceedings.
A hearing to modify disposition was held on March 20, 1974. The state claimed only two bases of alleged violation: (1) that appellant had been out after 9:00 P.M. without permission and (2) he had failed to attend the school at which he was regularly enrolled at the time of the disposition as required by the order.
Appellant duly perfected his appeal from the Juvenile Court's order sustaining the state's petition to modify disposition and ordering him incarcerated by the Texas Youth Council.
Appellant attacks both the judgment rendered on the adjudication hearing and modification *791 hearing on the claim that appellant had not been served with process. In addition he attacks the factual and legal sufficiency of the finding of the court in support of his order of commitment to the Texas Youth Council on the hearing to modify disposition.
We reject appellant's attack on the unappealed adjudication hearing. The evidence introduced at the adjudication hearing shows that the appellant had not been served with a summons as required by section 53.06 of the Family Code. Section 53.06(e) provides: "A party, other than the child, may waive service of summons by written stipulation or by voluntary appearance at the hearing." This provision is indicative of legislative intent to forbid the child from waiving service of summons. However, this intent is not dispositive of the issue at hand. Here appellant filed answer by his counsel on November 12, 1973. He fully participated in the adjudication proceedings and was very carefully advised of his rights by the court and by his own attorney. Since no appeal was perfected from the adjudication hearing, this contention constitutes a collateral attack on that judgment. A far different question would have been presented had he objected on the hearing, perfected appeal of the adjudication order and assigned failure of service on the child as error.
The Code provision with respect to the hearing to modify disposition does not support appellant's contention that he was entitled to service of process. Section 54.05(d) provides in part: "Reasonable notice of a hearing to modify disposition shall be given to all parties." (Emphasis added.) The record does not reflect when appellant received notice of such hearing and hence appellant has not demonstrated reversible error. His attorney announced ready for trial on such hearing and the point of reasonable notice was not raised in the court below by motion for continuance or otherwise. At all relevant hearings, the parents of the child as well as the appellant himself were present and fully advised of the issues presented and the rights of the parties.
We now reach the order entered by the court on the merits as challenged by appellant's points attacking the factual and legal sufficiency to justify the commitment to the Texas Youth Council.
Section 54.04 (disposition hearing) of the code provides in section (g): "In no event may the court commit a child to the Texas Youth Council because the child engaged in conduct defined in subdivision (2), (3) or (4) of section 51.03(b) of this code." These sub-sections of section 51.03 are as follows:
(2) conduct which violates the compulsory school attendance laws;
(3) the voluntary absence of a child from his home without the consent of his parent or guardian for a substantial length of time or without intent to return; or
(4) the violation of an order of a juvenile court entered under Section 54.04 or 54.05 of this code pursuant to determination that the child engaged in conduct which violates the compulsory school attendance laws or the voluntary absence of the child from his home without the consent of his parent or guardian for a substantial length of time or without intent to return.
It thus appears that the juvenile court below would not have been authorized on the disposition hearing to commit appellant to the Texas Youth Council because of his failure to attend school or for being away from home after 9:00 P.M. without permission. It is apparent from the statement of facts that the court below was under the impression that on "revocation of probation," the slightest technical violation of the terms of his order would justify commitment. In this respect the court erred. The appropriate standard is established by *792 section 54.05(f): "A disposition based on the finding that the child engaged in delinquent conduct may be modified so as to commit the child to the Texas Youth Council if the court after a hearing to modify disposition finds beyond a reasonable doubt that the child violated a reasonable and lawful order of the Court." (Emphasis added.)
At the time of the original disposition appellant had been placed in the custody of his uncle on recommendation of the probation officer. He was then enrolled in the school in Angleton. Within one week following the adjudication and disposition hearings the uncle moved to Nacogdoches. His parents resided in the Freeport Intermediate School District. This fifteen year old was placed in a dilemma. If he moved with his uncle to Nacogdoches (there was no evidence that he was invited to do so) he would have been in violation of the court's order to attend the school "in which he is enrolled." On the other hand, if he moved to the home of his parents (as he did) he was not eligible to remain in "the school in which he was enrolled." Insofar as the finding that he was out one evening after 9:00 P.M. without the permission of his parent or guardian[2], the evidence is insufficient to justify revocation of the probation and the commitment to the Texas Youth Council. The only evidence attempted to be offered by the state on the issue of consent was the alleged statement of the parents to the probation officer that consent had not been given. This was hearsay and could not form the basis of the judgment.
As noted heretofore the appellant has been guilty of serious transgressions fully justifying his adjudication of delinquency. In addition, it appears that neither appellant nor his family have any serious interest either in school or in his obtaining an "education" as that term is generally understood. His disposition seems more inclined to manual or skilled labor than to the school house. This attitude on his part has made him a difficult and frustrating case for those seeking to help him. The probation officer had made arrangements for him to attend the Gulf Coast Trade Center in New Waverly, Texas. The school selected would appear most appropriate. However, his attendance at the school arranged by the probation officer would have been in violation of Rule 10 of his probation which required that he "attend the school in which he is enrolled" (Angleton). The record reflects that his failure to enroll in the New Waverly school was due to his attitude of indifference to the educational process. He arrived thirty-five minutes late for an appointment to arrange his enrollment at the trade school.
We have reached the conclusion that the move by the court-appointed guardian of the youth, his ineligibility to attend "the school in which he was enrolled" by reason of the residence of his parents that the court should not have modified the disposition to commit appellant to the Texas Youth Council. These circumstances beyond appellant's control have rendered the order of the court unreasonable.
Under section 56.01(i) of the Family Code we overrule appellant's collateral attack on the adjudication of delinquency and such order is affirmed. We modify the judgment on hearing to modify disposition so as to: (1) set aside the commitment of appellant to the Texas Youth Council; (2) give custody of the child to his parents; (3) modify Rule 10 of the probation given on the original disposition so as to provide *793 that appellant shall be enrolled in the public school system which has jurisdiction of the place of the residence of the minor child and his parents at the first time following the finality of this order that such public school system will accept him and (4) remand the case to the court below for further proceedings not inconsistent herewith.
NOTES
[*] Editor's Note: The opinion of the Court of Civil Appeals of Texas (Eastland) in Weishman v. Herron, filed Aug. 9, 1974, and published in the advance sheets at this citation (512 S.W.2d 789), was withdrawn from bound volume publication at the request of the court.
[1] Thus complying with the letter if not the spirit of section 54.04 subsection (a).
[2] It should be noted that under the probation order entered January 16, 1974 that Rule 9 required the child to remain at the home of the "guardian" (the uncle who moved to Nacogdoches) unless permission be granted by the uncle to attend a specific function. In the petition to modify disposition and the order modifying disposition entered April 1, 1974 the language used was "unless permission be granted by parent or guardian." The probation officer had acquiesced in appellant living with his parents rather than his uncle since the week of the adjudication and disposition hearings.