**P.L., a minor, Appellant**

v.

**The STATE of Texas, Appellee.**

**No. 05–03–00568–CV.**

Court of Appeals of Texas, Dallas.

March 30, 2004.

Adam Seidel, Dallas, for Appellant.

Charles Patrick Reynolds, Asst. Dist. Atty., William T. (Bill) Hill, Jr., Dallas, for State.

Before Justices MORRIS, FITZGERALD, and FRANCIS.

## OPINION

Opinion by Justice FITZGERALD.

This is an appeal from a juvenile adjudication for assault. Appellant alleges the State failed to demonstrate proper service of the First Amended Petition upon him. The Texas Family Code requires that the juvenile court direct issuance of a summons to both the child named in the petition and to the child's parent or guardian. TEX. FAM.CODE ANN. § 53.06(a) (2004). "A copy of the petition must accompany the summons." *Id.* § 53.06(b). We conclude the State did adequately demonstrate compliance with these provisions, and we affirm the judgment of the trial court.

The State filed its Original Petition in this matter on December 4, 2002; it filed its First Amended Petition on December 11, 2002. The record indicates the District Court Clerk's office issued a "Notice Delinquent Conduct–Child" (a "Notice") on December 5, 2002 and issued a second Notice on December 12, 2002. Both Notices say when and why the juvenile is to appear for hearing. The hearing is described in both instances as:

> a hearing on the petition to declare said child a child engaged in delinquent con-

duct and for all relief as prayed for in *the attached copy of the petition."* (Emphasis added.)

The Notices contain a section for the officer's return of service. In both instances, the returns state that the juvenile was served "a true copy of this [N]otice."

Appellant raises a single issue on appeal. He argues that the Notices recite only that the "petition"—not specifically the "Original Petition" or the "First Amended Petition"—is attached. Therefore, appellant argues, there is no proof that he was served as required with the First Amended Petition, the pleading upon which the case proceeded. We disagree.

Initially, the record includes the trial court's "Order for Summons to Child Engaged in Delinquent Conduct First Amended Petition." That order is dated December 11, 2002, and it requires the First Amended Petition to be attached to the Notice. The date of this order—combined with the filing date of the First Amended Petition (December 11, 2002) and the service date of the second Notice (December 12, 2002)—is certainly evidence that it was the First Amended Petition that was attached to the second Notice.

In addition, the record includes testimony from the hearing on appellant's motion for new trial, where the issue of defective service was raised. Terri Delgado, a secretary in the district attorney's office, testified that it is her responsibility to prepare petitions for the 304th Judicial District Court. Delgado testified that she typed the First Amended Petition in this case, had it filed and file stamped, and presented it to the district clerk's office to have it prepared for service. She also testified that she re-

ceived back the copies of the Notice and petition, which she then sent "to the detention," so the child would be served. Delgado testified that she had never requested that the Original Petition filed in this cause be re-issued.[1]

Finally, our review of the record does not identify any evidence that the First Amended Petition was *not* served upon appellant. Appellant has not testified that he did not receive the First Amended Petition. There is no evidence that the Original Petition was re-issued and attached to the Second Notice. Nor is there any evidence of a third petition being drafted or filed.

We conclude the State has offered significant evidence that the First Amended Petition was the one attached to the second Notice, while appellant has offered no more than mere speculation that it was not. Accordingly, we decide appellant's single issue against him, and we affirm the judgment of the trial court.

---

1. Delgado testified that the only time a petition was re-issued was when there was no proof of service in the file. Appellant's file did contain proof of service of the Original Petition, and the original return of service was dated December 6, 2002, six days before the second Notice was issued.