141 S.W.3d 319 (2004)
In the Matter of J.D.G., a Juvenile.
No. 13-03-270-CV.
Court of Appeals of Texas, Corpus Christi-Edinburg.
August 5, 2004.
*320 Frank F. Henderson, Jr., Victoria, for appellant.
James Herbrich, Asst. Dist. Atty., M.P. `Dexter' Eaves, Dist. Atty., Victoria, for appellee.
Before Chief Justice VALDEZ and Justices RODRIGUEZ and GARZA.

OPINION
Opinion by Justice RODRIGUEZ.
Appellant, J.D.G., brings this appeal following an order by the juvenile court requiring appellant to register as a sex offender. See TEX.CODE CRIM. PROC. ANN. art. 62.13(j) (Vernon Supp.2004). By three issues appellant contends the trial court abused its discretion in requiring him to register as a sex offender. Specifically, appellant argues: (1) the protection of the public would not be increased by appellant's registration, and alternatively, any potential increase would be clearly outweighed by the substantial harm to appellant and his family resulting from registration; (2) the interests of the public do not require registration; and (3) the juvenile court abused its discretion when it required appellant to register twenty-one days before his probation was terminated for successful completion. We affirm.

I. BACKGROUND
In October 2001, appellant was charged with aggravated sexual assault. Appellant, who was sixteen years old, was alleged to have sexually assaulted a twelve-year-old female. In February 2002, appellant was placed on deferred prosecution. In May 2002, appellant's deferment was terminated. On August 5, 2002, the juvenile court held an adjudication hearing on appellant's aggravated sexual assault offense. At the hearing, appellant was found to have engaged in delinquent conduct by intentionally or knowingly committing aggravated sexual assault. The juvenile court placed appellant on Intensive Supervision Probation until May 5, 2003, appellant's eighteenth birthday. The juvenile court deferred its decision regarding sex offender registration.[1]
Subsequently, appellant was found to have violated numerous conditions of his *321 probation. Specifically, appellant was found to have: (1) violated the law by being in possession of marijuana and allegedly taking a gun from his parent's home; (2) failed to attend the Adult Learning Center and received ten unexcused absences; (3) failed to report in person to the Juvenile Services Building as directed on seventeen occasions; (4) failed to meet, visit, call, or contact his probation officer twenty-nine times; (5) violated curfew forty-two times; (6) left home without permission with his whereabouts unknown causing the Juvenile Services Department to issue a directive to apprehend; (7) failed to refrain from using prohibited substances; (8) tested positive for marijuana four times and cocaine one time; (9) failed to attend counseling sessions for anger management and substance abuse; and (10) failed to attend some sex offender treatment sessions.
On April 8, 2003, the State filed a motion requesting that the juvenile court exercise its discretion and enter a judgment requiring appellant to register as a sex offender. After a hearing on April 14, 2003 to consider the motion, the juvenile court signed an order requiring appellant to register as a sex offender. The juvenile court set out the following findings in the order: (1) the interests of the public require registration; (2) protection of the public would be increased by registration; and (3) any potential increase in public protection resulting from registration would clearly outweigh any anticipated harm to appellant and his family resulting from registration. On May 2, 2003, appellant filed his notice of appeal challenging the juvenile court's order requiring him to register as a sex offender. See TEX.CODE CRIM. PROC. ANN. art. 62.13(h) (Vernon Supp.2004). On appellant's eighteenth birthday, May 5, 2003, the juvenile court entered an order terminating appellant's probation. The order stated appellant had successfully completed his period of probation.

II. STANDARD OF REVIEW
This case is governed by chapter 62 of the Texas Code of Criminal Procedure. See TEX.CODE CRIM. PROC. ANN. arts. 62.01-62.14 (Vernon Supp.2004). As in civil cases generally, appellant may, under section 56.01 of the Texas Family Code, appeal from an order of the juvenile court. See TEX. FAM.CODE ANN. § 56.01 (Vernon 2002); TEX.CODE CRIM. PROC. ANN. art. 62.13(h) (Vernon Supp.2004). In this appeal, we must determine whether the juvenile court committed procedural error or abused its discretion in not excusing compliance with registration. TEX.CODE CRIM. PROC. ANN. art. 62.13(h) (Vernon Supp. 2004).
"A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles." Bowie Mem. Hosp. v. Wright, 79 S.W.3d 48, 52 (Tex.2002). A trial court's determination is arbitrary and unreasonable if it could reasonably have reached only one decision, but reached another. Morrill v. Third Coast Emergency Physicians, P.A., 32 S.W.3d 324, 327 (Tex. App.-San Antonio 2000, pet. denied) (citing Walker v. Packer, 827 S.W.2d 833, 840 (Tex.1992)). When reviewing matters committed to the trial court's discretion, we may not substitute our own judgment for that of the trial court, Bowie, 79 S.W.3d at 52, and we must examine the evidence in the light most favorable to the trial court's order. Rittmer v. Garza, 65 S.W.3d 718, 722 (Tex.App.-Houston [14th Dist.] 2001, no pet.) (citing Hart v. Wright, 16 S.W.3d 872, 876 (Tex.App.-Fort Worth 2000, pet. denied)).

III. ANALYSIS
Chapter 62 provides that after a hearing on the juvenile's motion to determine *322 whether the interests of the public require registration or under a plea agreement, the juvenile court may enter an order deferring its decision on requiring registration until the juvenile has completed treatment for the sexual offense as a condition of probation or while committed to the Texas Youth Commission. TEX.CODE CRIM. PROC. ANN. art. 62.13(j) (Vernon Supp. 2004). The juvenile court retains discretion to require or excuse registration at any time during the treatment or on its successful or unsuccessful completion. Id.
In this case, the juvenile court deferred its decision on registration. It was not until appellant violated numerous conditions that the State filed its motion requesting that the juvenile court revisit its deferral determination and order appellant to register as a sex offender. At the hearing on the State's motion, the juvenile court heard testimony from appellant's probation officer who described appellant's probation violations. The probation officer recommended that appellant register as a sex offender despite testifying that appellant had not re-offended or done anything characteristic of a sex offender. The juvenile court also heard arguments of the parties and counsel and considered appellant's social history report. The report included clinical findings that appellant had an attraction to grade school males and females, as well as an admission by appellant that he had sexually touched girls three or more years younger than himself. It also included a progress report from the sex offender treatment program wherein appellant's counselor noted that appellant should be considered potentially dangerous and non-compliant. Furthermore, according to a letter written by his treatment counselor, appellant did not comply with some of the requirements of the sex offender treatment. His counselor reported that appellant demonstrated poor compliance with treatment attendance and made little progress in his treatment. It was the counselor's opinion that: (1) appellant had not decreased his reliance on deceptive behavior; (2) appellant had not demonstrated consistent, responsible behavior; and (3) appellant's thinking patterns and behavior had not significantly improved during his treatment. Appellant's counselor also stated that sex offender registration may be appropriate.
By his third issue, appellant contends the juvenile court abused its discretion when it required him to register only twenty-one days before his probation was terminated.[2] By issues one and two, appellant argues that the evidence does not support the juvenile court's findings that the protection of the public would be increased if he were required to register as a sex offender and that the interests of the public require him to register. However, we cannot say that the juvenile court abused its discretion in requiring appellant to register as a sex offender immediately prior to the completion of his probationary period. See Bowie, 79 S.W.3d at 52; Rittmer, 65 S.W.3d at 722. In deferring registration, the juvenile court retains its discretion to require appellant to register at any time during treatment or on its successful or unsuccessful completion. See TEX.CODE CRIM. PROC. ANN. art. 62.13(j) (Vernon Supp.2004) (emphasis added). Furthermore, examining the evidence in a light most favorable to the court's order, we cannot conclude the juvenile court acted in an arbitrary or unreasonable manner without reference to any guiding rules or principles when it found, among other things, that the interests of the public required registration. See id.; Bowie, 79 *323 S.W.3d at 52. Accordingly, appellant's three issues are overruled.

IV. CONCLUSION
The judgment of the juvenile court is affirmed.
NOTES
[1] Although the record is unclear as to whether appellant's deferred registration was based on a hearing requested by appellant pursuant to article 62.13(b) or a plea agreement as allowed by article 62.13(f), it is clear from the record that the juvenile court deferred appellant's registration. See TEX.CODE CRIM. PROC. ANN. art. 62.13(b), (f), (j) (Vernon Supp.2004).
[2] Appellant does not complain that the juvenile court committed procedural error. See TEX.CODE CRIM. PROC. ANN. art. 62.13(h) (Vernon Supp.2004).