# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00590-CV

## In the Matter of T. E., Appellant

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
### NO. J-21,607, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

T.E., then thirteen years old, was adjudicated delinquent on two counts of aggravated sexual assault in May 2003. *See* Tex. Pen. Code Ann. § 22.021 (West Supp. 2004-05). He was placed on probation in the custody of his mother. In April 2004, the State filed a motion to modify disposition that alleged T.E. had violated his probation. A hearing was held on the motion, and T.E. was committed to the Texas Youth Commission. We affirm.

## BACKGROUND

On May 8, 2003, the district court, sitting as a juvenile court, found beyond a reasonable doubt that T.E. had committed two sexual acts with a child younger than fourteen; these acts constituted aggravated sexual assault. *See id*. §§ 22.021(a)(1), .021(a)(2)(B). T.E. was sentenced to probation in the custody of his mother, Brenda Elendu, with the probation set to expire

on May 20, 2004. Among the conditions of the probation were: School attendance and obedience to published school rules and regulations; and full participation, attendance, and completion of counseling with Dr. Nicolas Carrasco. Suspension from school counted as an unexcused absence.

T.E. violated the rules of his probation. Among other things, he was suspended from school; he skipped meetings with Dr. Carrasco; and he was caught in possession of pornographic materials, which violated the rules of his counseling. After T.E. was taken into custody, his mother successfully sought to have the juvenile public defender replaced with appointed counsel, Don Morehart. The State filed a motion to modify disposition and to have T.E. committed to the Texas Youth Commission. T.E. was served with a summons and a copy of the motion in advance of an April 13, 2004 hearing; his mother refused to accept service. At the April 13 hearing, Morehart announced not ready, and the hearing was postponed until April 23. At that hearing, the district court granted the State's motion to modify.

The hearing began with Ms. Elendu protesting that she was not ready for trial:

MS. ELENDU: Your Honor, I need to reset this thing because I'm not ready and I—I'm going to hire someone else.

THE COURT: No, ma'am.

She repeatedly requested more time saying that she wanted to retain counsel to replace Morehart, her son's court-appointed attorney. The court refused to grant a continuance, informing Ms. Elendu that she should have other counsel present if she did not want Morehart to represent T.E.

2

The State and Morehart announced ready. The district judge informed T.E. of the State's allegations and of his constitutional rights. The other witnesses were sworn, but Ms. Elendu renewed her protestations:

MS. ELENDU: I'm not aware of what's going on.

THE COURT: Raise your—

MS. ELENDU: I don't know what's going on. And I can't talk if I don't know what's going on.

When called to testify as the State's first witness, Ms. Elendu said she wanted her own attorney before she would answer questions. She relented after the judge informed her that she could be arrested. During the State's direct examination, she repeatedly stated that she did not know what was going on and that she wanted a lawyer. Morehart recalled Ms. Elendu later in the proceeding, and she answered his questions without complaint.

After argument, the judge found T.E. to be a threat to the community and committed him to the Texas Youth Commission. T.E. brings this appeal.

## DISCUSSION

T.E. contends that his mother lacked "reasonable notice" of the hearing and the contents of the motion to modify disposition, and that this violated his due process rights and the requirements of the Texas Family Code. U.S. Const. amend. XIV; Tex. Fam. Code Ann. § 54.05(d) (West 2004-05). ("Reasonable notice of a hearing to modify disposition shall be given to all parties."). He emphasizes the fact that his mother did not receive a summons or a copy of the State's

3

petition and directs us to Ms. Elendu's statements on the record that she did not know what was going on and needed more time to hire a new lawyer. Neither of these points is dispositive of the matter before us. The defendant in a modification hearing is not entitled to service of process but only reasonable notice. *See* Tex. Fam. Code Ann. § 54.05(d); *In re D.E.P.*, 512 S.W.2d 789, 791 (Tex. Civ. App.—Houston [14th Dist.] 1974, no writ). When a child's attorney appears, does not file a motion for continuance, and the child and parents are present and fully advised by the court as to the issues before the court, reasonable notice is presumed. *See In re. B.N.*, No. 03-98-575-CV, 1999 Tex. App. LEXIS 6331, at *2 (Austin August 26, 1999, no pet.) (not designated for publication) (citing *In re. D.E.P.*, 512 S.W.2d at 791).

Here, T.E. and his mother were present at the hearing and T.E.'s counsel announced ready.[1] The court then described at length those activities that the State alleged violated T.E.'s probation:

- on two days he failed to attend counseling, on another day was 20 minutes late and spent 30 minutes in the bathroom;

- at times he would come to counseling without a notebook or a writing instrument, and would fail to complete assignments;

- he lied in group therapy;

- he imitated a striptease on a pole at school and made a lewd gesture by placing a water bottle at his groin and squirting water out of the bottle;

- he was found in possession of "sexually inappropriate reading material"; and

---

[1] The record reflects that T.E. and Morehart met twice before the hearing in question.

4

- he was frequently late to school and otherwise broke school rules.

The court further explained to T.E. his rights to be represented by counsel, to refrain from self-incrimination, to confront witnesses, and to put the State to its proof. T.E. indicated that he understood his rights and the charges against him. Ms. Elendu was present during the court's explanations.

In addition, Ms. Elendu's participation in her son's judicial process casts doubt on her assertions of ignorance of the purpose of the April 23 hearing. The return of summons for the April 13 hearing indicates that Ms. Elendu personally refused service of the motion to modify. She was involved enough in the proceedings to decide that her son's juvenile public defender should be replaced, to request that Morehart be replaced, to attend prior hearings, and to be present at the April 23 hearing.

We hold that the district court satisfied the notice standard for the hearing on the motion to modify.[2] *See* Tex. Fam. Code Ann. § 54.05; *In re D.E.P.*, 512 S.W.2d at 791.

---

[2] The trial court treated Ms. Elendu's requests for more time as a motion for continuance, which the court denied. Whether to grant a motion for continuance is within the sound discretion of the trial court. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 800 (Tex. 2002); *see also Burgess v. State*, 816 S.W.2d 424, 428 (Tex. Crim. App. 1991) ("A request for change in counsel cannot be made so as to obstruct the orderly procedure in the courts or to interfere with the fair administration of justice."). To the extent that T.E.'s appeal may be construed as an attack on the denial of his mother's request for a continuance, we find that because T.E. and Ms. Elendu had reasonable notice of the hearing to modify, the trial court did not abuse its discretion by denying a continuance.

**CONCLUSION**

Because we find that all parties had reasonable notice of hearing on the Motion to Modify, we affirm T.E.'s committal to the Texas Youth Commission.

_____

Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Pemberton

Affirmed

Filed:   July 7, 2005