# NO. 12-12-00264-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | § | APPEAL FROM THE |
|---|---|---|
| *IN THE MATTER OF S.M.,* | § | COUNTY COURT AT LAW #3 |
| *A JUVENILE* | § | SMITH COUNTY, TEXAS |

## *MEMORANDUM OPINION*

S.M., a juvenile, appeals from a juvenile court order requiring him to register as a sex offender in a public database. In his sole issue, he contends that the trial court abused its discretion when it ordered that he register publicly as a sex offender. We affirm.

## BACKGROUND

In January 2011, S.M.'s elementary age niece made an outcry that S.M. sexually abused her. As that allegation was being investigated, S.M. essentially conceded to law enforcement that he had committed the offense of aggravated sexual assault. Evidence of other related crimes also surfaced. Based on this evidence, the State filed a petition alleging that S.M. engaged in delinquent conduct, and he was charged as a juvenile with that offense. The State then sought and obtained grand jury approval to seek a determinate sentence. An agreement was reached whereby S.M. pleaded "true" to the allegations in exchange for an assessment of a determinate sentence of confinement in the Texas Youth Commission (TYC) for twenty years.

However, the issue of whether S.M. would be required to register as a sex offender remained contested. S.M. asked that the court defer registration, while the State argued that such a requirement should be immediately imposed. After a hearing, the trial court ordered that S.M. register as a sex offender in a public database. A motion for new trial was filed and overruled. This appeal followed.

<u>**SEX OFFENDER REGISTRATION**</u>

In his sole issue, S.M. contends that the trial court abused its discretion when it ordered that he register publicly as a sex offender because "there was no evidence to rebut the conclusion that the interest of the public and [S.M.] were best served by deferring registration."

<u>**Standard of Review**</u>

"The standard of review in the appellate court is whether the juvenile court committed procedural error or abused its discretion in requiring registration." TEX. CODE CRIM. PROC. ANN. art. 62.357(b) (West 2006). In reviewing the order to register in this case, we engage in a two-pronged inquiry: (1) Did the trial court have sufficient information upon which to exercise its discretion, and (2) did the trial court err in its application of discretion? *See **In the Matter of M.A.C.***, 999 S.W.2d 442, 446 (Tex. App.—El Paso 1999, no pet.).

The traditional sufficiency of the evidence standards apply to the first question. ***Id.*** Once it has been determined that sufficient evidence exists to support the finding, the appellate court must then decide whether the juvenile court abused its discretion. ***Id.*** A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner, without reference to guiding rules or principles. ***Bowie Mem'l Hosp. v. Wright***, 79 S.W.3d 48, 52 (Tex. 2002). This court cannot substitute its own judgment for that of the trial court in matters within its discretion. ***Id.*** This means that the court must examine the evidence in the light most favorable to the trial court's disposition. ***Cantu v. State***, 253 S.W.3d 273, 282 (Tex. Crim. App. 2008).

<u>**Applicable Law**</u>

Generally, a person convicted of, or a child adjudicated as a delinquent for, a serious sexual offense is required to register with the law enforcement authority in the community where the person lives. *See* TEX. CODE CRIM. PROC. ANN. arts. 62.001(5)(A), 62.051(a) (West Supp. 2012). For a child adjudicated as a delinquent, the juvenile court may leave the registration requirement in place, exempt the respondent from registration, or defer a decision as to whether registration is required while the juvenile participates in a sex offender treatment program. *See **id.*** art. 62.352(a), (b) (West 2006).

When the juvenile seeks a deferral of the registration requirement, he has the burden of persuasion at the hearing. ***Id.*** art. 62.351(b) (West 2006). To obtain an exemption, the juvenile must show by a preponderance of the evidence

(1) that the protection of the public would not be increased by registration . . .; or

2

> (2) that any potential increase in protection of the public resulting from registration . . . is clearly outweighed by the anticipated substantial harm to the respondent . . . .

*See **id.*** art. 62.352(a); ***In re C.G.M.***, No. 11-12-00031-CV, 2012 WL 2988818, at *3 (Tex. App.—Eastland July 19, 2012, no pet.) (mem. op.); ***In re J.D.G.***, 141 S.W.3d 319, 322 (Tex. App.—Corpus Christi 2004, no pet.). In reaching a decision regarding the sexual offender registration option, the juvenile court is authorized under the law to consider (1) the receipt of exhibits, (2) the testimony of witnesses, (3) representations of counsel for the parties, or (4) the contents of a social history report prepared by the juvenile probation department that may include the results of testing and examination of the respondent by a psychologist, psychiatrist, or counselor. TEX. CODE CRIM. PROC. ANN. art. 62.351(b).

**Discussion**

It is undisputed that there was no procedural error in this case. Rather, S.M. argues that the trial court abused its discretion when it denied his request to defer registration because (1) there was no evidence before the trial court regarding S.M.'s risk to reoffend, (2) there was no evidence that sex offender treatment would be unsuccessful, and (3) the public's immediate safety interest was protected while attempts to rehabilitate S.M. were made during his period of confinement. We disagree.

At the hearing, S.M.'s mother was the sole witness to testify. However, the "Pre-Disposition Report" was also admitted into evidence. The evidence from that report shows that S.M. admitted molesting his young niece by putting his sexual organ in her mouth. S.M. blamed his niece's alleged sexual advances for his actions. S.M. admitted further that his grandmother observed that he had no pants on with an erect sexual organ while allegedly changing an infant relative's dirty diaper as the infant sat on his lap. S.M. also admitted that he had an ongoing sexual relationship with a mentally challenged eighteen year old female who also resided in the home where he lived. Reports from sources other than S.M. indicated that he might have engaged in sexual misconduct with other young children, including his young male nephew, and that S.M. himself may have been sexually abused.

The report also showed that S.M. claimed to be a member of a criminal street gang, and school records show that S.M. has a long history of being physically aggressive and disrespectful to teachers, staff, and fellow students. For example, he threatened to commit a shooting at

3

school and to "go to jail for murder." The counselor preparing the report noted that S.M. had significant mental illness, that "his behavior has escalated from Oppositional Defiant Disorder to Conduct Disorder," and that he has "clearly been out of control and presented a danger to others." The counselor went on to conclude that

> [S.M.'s] treatment in a controlled environment will need to be for an extended period of time, perhaps as much as two years. The Conduct Disordered type of behaviors will disrupt progress in treatment and make it difficult to deal with issues of trauma or sexualization. It is not possible to project how he will respond to treatment at this point, but I feel that a guarded prognosis may be overly optimistic.

Moreover, the record shows that while awaiting trial in confinement, S.M. continued his aggressive and assaultive behavior against detention center staff and his peers. After the parties made their closing arguments, the juvenile court concluded as follows:

> Well, this is one of those cases, and I don't see that many of them, where someone of [S.M.'s] age is showing I guess what you could call predatory behavior. And that being the case[,] and based on what I've read today[,] I'm going to go ahead and order registration[,] and I'm going to order it be public as well. When he finishes his minimum stay at TYC he'll be 17 or older. So when he's released he'll be an adult person. It won't be like you've got a 14 year old out there living next door or in the neighborhood with somebody who's being registered. He'll be 17 or older. So that's what the Court's going to do is order a public registration on this one.

Based on the record, and given the counselor's conclusion that treatment may not be effective, there is sufficient evidence to support the juvenile court's decision to require public registration. S.M. argues that other evidence showed he was unlikely to reoffend and had the ability to respond to treatment. He points to other evidence that S.M. had himself been abused, that there were reports that S.M. exhibited "unusually positive behavior," he "was spending more time in general classes than Special Education classes," and that he desired to become eligible to play football. However, the weight to attribute this evidence was for the juvenile court to decide in its discretion, and this court is in no position to question that assessment. *See In re T.E.G.*, 222 S.W.3d 677, 678 (Tex. App.—Eastland 2007, no pet.).

Likewise, we conclude that the juvenile court acted within its discretion in concluding that S.M. failed to show that the protection of the public would not be increased by registration or that any increase in protection of the public resulting from registration is clearly outweighed by the anticipated substantial harm to S.M. *See In re C.G.M.*, 2012 WL 2988818, at *3. To the contrary, the record shows that S.M. continually violates the law, that he is dangerous, and that he has shown predatory behavior against individuals who may not comprehend or be able to

4

resist his actions.  Furthermore, given the counselor's assessment that S.M. may not respond well to treatment, and in light of the other evidence in the record described above, we cannot conclude that the trial court's decision to require public registration was arbitrary, unreasonable, or made without reference to guiding rules or principles.

S.M.'s sole issue is overruled.

## DISPOSITION

Having overruled S.M.'s sole issue, we ***affirm*** the judgment of the juvenile court.

## SAM GRIFFITH
Justice

Opinion delivered March 13, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 13, 2013**

**NO. 12-12-00264-CV**

**IN THE INTEREST OF S.M., A JUVENILE**

Appeal from the County Court at Law #3

of Smith County, Texas. (Tr.Ct.No. 003-0012-12)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Sam Griffith, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*