**Opinion issued December 17, 2013**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-12-00791-CV

———————————

## IN THE MATTER OF J.I.A.

---

**On Appeal from the 313th District Court**
**Harris County, Texas**
**Trial Court Case No. 2009-01632J**

---

## MEMORANDUM OPINION

The juvenile court adjudicated that appellant, J.I.A., engaged in delinquent conduct after he pleaded true to committing the offense of aggravated sexual assault of a child under fourteen years of age.[1] In two issues, appellant contends

---

[1]    *See* TEX. PENAL CODE ANN. § 22.021 (Vernon Supp. 2013).

that the juvenile court lacked jurisdiction to adjudicate his conduct and he was not afforded the requisite notice of the modification proceedings.

We affirm.

## Background

Appellant, pursuant to an agreed punishment recommendation with the State, pleaded true to having engaged in delinquent conduct by committing the offense of aggravated sexual assault of a child. After a hearing, the juvenile court entered its order of adjudication and made an affirmative finding that appellant was in need of rehabilitation. In accord with appellant's agreement, the juvenile court assessed his punishment at probation until his eighteenth birthday, ordered that he be committed to the custody of the Harris County Chief Juvenile Probation Officer ("CJPO"), ordered that he participate in sex-offender counseling, and deferred its determination on whether he would be required to register as a sex offender.[2] Although the juvenile court granted permission to appeal its order of adjudication,[3] appellant did not appeal.

A year later, the State moved for a modification disposition (referred to by the parties as a "Reopen"), alleging that appellant had committed two new

---

[2] A trial court may defer its decision regarding whether to require a juvenile to register as a sex offender. TEX. CODE CRIM. PROC. ANN. art. 62.352 (Vernon Supp. 2013).

[3] *See* TEX. FAM. CODE ANN. § 56.01(n) (Vernon Supp. 2013); *In re A.M.L.*, No. 14-06-00874-CV, 2007 WL 1290527, at *2 (Tex. App.—Houston [14th Dist.] May 3, 2007, no pet.) (mem. op.).

2

misdemeanor offenses. Appellant stipulated to the State's evidence and signed a judicial confession, admitting to having committed the offenses. In accord with appellant's punishment agreement with the State, the juvenile court assessed his punishment at probation for one year.

Subsequently, the State again moved for a modification disposition (referred to by the parties as a "2nd Reopen"), alleging that appellant had violated the terms of probation by failing to report to his juvenile probation officer as required, attend school and sex-offender counseling as ordered, and abide by the curfews imposed by the court. After a deputy constable tried unsuccessfully to serve appellant and his mother with the State's second petition for modification, service was "re-issued." The return shows that the deputy successfully served appellant, who was in state jail custody, and his mother.

One day before appellant's eighteenth birthday, the juvenile court held a hearing, at which he appeared with counsel, on the State's second petition for modification. In its modification order, the trial court revoked appellant's probation, but made no further disposition in the case other than ordering appellant to publicly register as a sex offender.[4]

---

[4] When, as here, a juvenile court defers its decision regarding sex-offender registration, it "retains discretion and jurisdiction" to require registration at any time during treatment or on the successful or unsuccessful completion of treatment. TEX. CODE CRIM. PROC. ANN. art. 62.352(c); *see also In re J.D.G.*, 141 S.W.3d 319, 322 (Tex. App.—Corpus Christi 2004, no pet.) (holding that juvenile

## Jurisdiction

In his first issue, appellant argues that the juvenile court lacked jurisdiction to render its original adjudication order because "the record does not affirmatively show that [he] was served with the petition and citation" in the original proceeding. He argues, thus, that the juvenile court's subsequent modification order requiring him to register as a sex offender is "void."

Assuming without deciding that appellant may raise in an appeal from a modification order the issue of failure of service in the underlying adjudication proceeding, we conclude that appellant nevertheless cannot prevail on the record before us.[5]

---

court may require sex-offender registration immediately prior to completion of probationary period).

[5] *See* TEX. FAM. CODE ANN. § 56.01(b) (Vernon Supp. 2013) (providing "appeal of the adjudication may be sought notwithstanding that the adjudication order was signed more than 30 days before" notice of appeal was filed). *But see In re G.C.F.*, 42 S.W.3d 194, 196 (Tex. App.—Fort Worth 2001, no pet.) (holding, in appeal from modification, that Family Code section 56.01(b) allows appeal from issues relating to adjudication with timely appeal from disposition, but does not provide "indefinite right to appeal issues arising in the adjudication phase"). *Compare In re X.B.*, 369 S.W.3d 350, 354 (Tex. App.—Texarkana 2012, no pet.) (holding, in appeal from modification order, that in absence of service of summons and petition in original adjudication, trial court lacked jurisdiction to issue adjudication, disposition, and modification orders, and concluding that such orders are void and may be collaterally attacked), *with In re D.E.P.*, 512 S.W.2d 789, 791 (Tex. Civ. App.—Houston [14th Dist.] 1974, no writ) (concluding that juvenile defendant could not, in appeal from modification, raise failure of service in underlying adjudication proceeding, which was not appealed, because such constituted impermissible collateral attack).

4

In proceedings before a juvenile court, due process requires notice that would be deemed constitutionally adequate in a civil or criminal proceeding, and such notice must be given sufficiently in advance of trial to give the accused a reasonable amount of time to prepare. *In re Gault*, 387 U.S. 1, 33, 87 S. Ct. 1428, 1446 (1967). Texas Family Code section 53.06 provides that a juvenile court "shall direct issuance of a summons" to the child named in the petition, among others. *See* TEX. FAM. CODE § 53.06(a) (Vernon 2008). "A copy of the petition must accompany the summons," and "[t]he summons must require the persons served to appear before the court at the time set to answer the allegations of the petition." *Id.* § 53.06(b).

A juvenile may not waive service of process by written stipulation or voluntary appearance at trial. *See* TEX. FAM. CODE ANN. § 53.06(e) ("A party, other than the child, may waive service of summons by written stipulation or by voluntary appearance at the hearing."). A juvenile court lacks jurisdiction if the record does not contain an affirmative showing of service on the juvenile, notwithstanding the juvenile's appearance at trial. *In re D.W.M.*, 562 S.W.2d 851, 853 (Tex. 1978).

A valid officer's return creates the presumption of service and regularity, and the burden is on the defendant to show inadequacy of service. *See Polanco v. State*, 914 S.W.2d 269, 271 (Tex. App.—Beaumont 1996, pet. ref'd) (citing *Sauve*

5

*v. State*, 638 S.W.2d 608, 610 (Tex. App.—Dallas 1982, pet. ref'd)). Although section 53.06 does not require that the summons or the return expressly state that a copy of the petition was delivered, there must be some indication in the record that a copy of the petition was served on the defendant. *Polanco*, 914 S.W.2d at 271.

Here, with respect to the adjudication proceedings, the record shows that on February 27, 2009, a citation was issued for appellant. The citation recited that a copy of the petition was attached, and it commanded the officer serving the citation to deliver to appellant "[a] true copy of this writ, together with a true copy of the petition." The summons directed appellant to appear at a hearing on March 5, 2009 at 9:30 a.m. to be held on the "5th floor, Juvenile Justice Center, Houston, Texas." And it recited that appellant was to answer the allegations "as fully set out in the accompanying true copy of the petition" of "Kristen E. Moore, Plaintiff." The return shows that Harris County Constable's Office Deputy Perez served appellant in person at 10:01 a.m. on "3/2/09" at the Harris County Jail. In addition, the records of the Harris County Justice Information Management System, which are contained in the clerk's record before us, show that appellant was detained from February 19, 2009 until March 2, 2009, when he was served.

Further, in his stipulation to the evidence and judicial confession, executed in the adjudication proceeding, appellant agreed that he was "served with a summons and petition in this case." *See Light v. State*, 15 S.W.3d 104, 107–08

(Tex. Crim. App. 2000) (stating that juvenile's admission that he was personally served constitutes evidence to be considered in determining whether record sufficiently shows proper service).

We conclude that appellant was served in compliance with the requirements of the Family Code. *See* TEX. FAM. CODE ANN. § 53.06(a)–(b). When, as here, the record contains an officer's return that is valid on its face, and the citation served indicates that a copy of the petition was served, service is afforded a presumption of regularity. *See Sauve*, 638 S.W.2d at 610; *see also In re S.D.H.*, No. 01-96-00732-CV, 1997 WL 81173, at *2 (Tex. App.—Houston [1st Dist.] Feb. 27, 1997, no writ) (not designated for publication). To rebut this presumption, a defendant must offer corroborating facts to establish that he did not receive a copy of the petition. *See Polanco*, 914 S.W.2d at 271; *see also In re S.D.H.*, 1997 WL 81173, at *2 (presuming regularity of return and concluding that there was no evidence in record that defendant did not actually receive petition).

Appellant's assertion that he was not served with a copy of the petition, standing alone, is insufficient to rebut the presumption. To support his argument, appellant relies primarily on *In re X.B.*, 369 S.W.3d 350 (Tex. App.—Texarkana 2012, no pet.). In *X.B.*, the appellate court held that "the original adjudication proceeding contained fundamental error" in that the respondent juvenile was never served with summons and petition. *Id.* at 354. As such, the juvenile court was

7

without jurisdiction to enter its adjudication, disposition, and modification orders. *Id.* at 355. The appellate court concluded that "[a]fter reviewing the record in its entirety," it could "find *no indication* [the respondent juvenile] was served with a copy of the *summons or petition*" in the original adjudication proceeding. *Id.* at 353 (emphasis added). Further, the State "concede[d] that [the respondent juvenile] was not served with a summons or petition, [and] thus consequently, the [juvenile] court never obtained personal jurisdiction over the child." *Id.* at 354.

Here, unlike in *X.B.*, the record affirmatively shows that appellant was served with the summons and petition in the original adjudication proceeding. *See* TEX. FAM. CODE ANN. § 53.06(a)-(b).

Accordingly, we overrule appellant's first issue.

**Notice**

In his second issue, appellant argues that he was not "provided with reasonable notice of the allegations contained in the second petition to modify, as required by [Texas Family Code] section 54.05(d)," because the cause number listed on the summons was "200901632J Reopen," rather than "200901632J *2nd* Reopen." (Emphasis added.) And he asserts that the record does not establish that the petition was served.

The Family Code provides that "[r]easonable notice of a hearing to modify disposition shall be given to all parties." TEX. FAM. CODE ANN. § 54.05(d)

8

(Vernon Supp. 2013). The defendant in a modification hearing is not entitled to service of process, but only to "reasonable notice." *See id*.; *In re D.E.P.*, 512 S.W.2d 789, 791 (Tex. Civ. App.—Houston [14th Dist.] 1974, no writ). Reduced due-process requirements apply to a hearing to modify disposition in a juvenile case because full procedural safeguards have already been accorded in the initial adjudication and disposition proceedings. *In re S.J.*, 940 S.W.2d 332, 339 (Tex. App.—San Antonio 1997, no writ); *In re J.K.A.*, 855 S.W.2d 58, 61–62 (Tex. App.—Houston [14th Dist.] 1993, writ denied); *Murphy v. State*, 860 S.W.2d 639, 643 (Tex. App.—Fort Worth 1993, no writ) ("The hearing to modify disposition is not a new adjudication of delinquency.").

Here, the State filed as cause number "2009-01632J-Reopen" its first petition to modify the trial court's disposition, alleging that appellant violated the terms of probation by committing two new law violations. And the trial court's October 26, 2010 modification order reflects cause number "2009-01632J-Reopen."

The State then filed its second petition for modification as cause number "2009-01632J-2nd Reopen," alleging that appellant violated the terms of probation by committing various technical violations, such as, "failing to attend school." At the hearing on the State's second petition for modification, appellant objected to the proceedings on the ground of improper service. The State responded that

9

appellant "was served on the petition in the second reopened." The juvenile court overruled appellant's objection and found that appellant "was served . . . for the 2009-1632J Reopened case." The juvenile court's July 30, 2012 modification order addressed the allegations in the State's second petition for modification and reflects cause number "2009-01632J-Reopen."

The record shows that appellant was served with citation regarding the proceedings in the second modification. The deputy constable's return shows that appellant was served in person on June 29, 2012. Appellant concedes that he was served on June 29, 2012, the summons indicates that he was to answer the "petition . . . [in] cause no. 200901632J reopen *filed herein on the 23rd day of September, 2011*," the citation "states that the petition filed on September 23, 2011 was delivered to the constable," and the summons commands the constable to deliver "a true copy of the petition" to appellant. (Emphasis added.)

Although appellant asserts that he was without reasonable notice of the charges against him in the State's second petition for modification, the record contains an officer's return that is valid on its face, and the citation served indicates that a copy of the petition was served. Thus, here, service is afforded a presumption of regularity. *See Sauve*, 638 S.W.2d at 610; *see also In re S.D.H.*, 1997 WL 81173, at *2. To rebut this presumption, appellant is required to offer corroborating facts to establish that he did not receive a copy of the petition. *See*

10

*Polanco*, 914 S.W.2d at 271; *see also In re S.D.H.*, 1997 WL 81173, at *2 (presuming regularity of return and concluding that there was no evidence in record that appellant did not actually receive petition).

In *P.L. v. State*, the defendant argued that because the "Notices" recited only that the "petition—not specifically the 'Original Petition' or the 'First Amended Petition'—[was] attached," there was "no proof that he was served as required with the First Amended Petition, the pleading upon which the case proceeded." 130 S.W.3d 514, 515 (Tex. App.—Dallas 2004, no pet.). The court stated that its review of the record did "not identify any evidence that the First Amended Petition was *not* served upon appellant"; the defendant "ha[d] not testified that he did not receive the First Amended Petition"; and there was "no evidence that the Original Petition was re-issued and attached to the Second Notice." *Id.* Thus, the court concluded that the State had demonstrated that the First Amended Petition was attached and the defendant "ha[d] offered no more than mere speculation that it was not." *Id.* Here, as in *P.L.*, appellant has offered no more than mere speculation that the State's second petition for modification was not attached.

Moreover, reasonable notice is presumed when, as here, a juvenile's attorney appears, does not file a motion for continuance, and the juvenile and parent are present and fully advised by the juvenile court as to the issues before it. *See In re. D.E.P.*, 512 S.W.2d at 791. Here, the record shows that appellant's trial counsel,

along with appellant and his mother, appeared at the hearing on the State's second petition for modification. Appellant's counsel stated at the hearing that he understood that they were there on the State's second petition for modification and he was "on notice on the proper charges." Counsel did not seek a continuance, but instead, proceeded with the hearing.

To the extent that appellant argues that he was unable to distinguish the citation pertaining to the State's second petition for modification from that of the first modification, the citation in the second modification expressly refers to and incorporates by reference "the petition of Anna Emmons, plaintiff" filed on September 23, 2011, which appellant acknowledged in the trial court is dated one year after the first petition for modification had been fully resolved.

We conclude that appellant was afforded reasonable notice of the charges against him in the second modification proceeding. Accordingly, we overrule appellant's second issue.

### Conclusion

We affirm the trial court's judgment.


Terry Jennings
Justice

Panel consists of Justices Jennings, Sharp, and Brown.

12