

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00188-CV

IN THE MATTER OF Z.P.H.

----------

FROM THE 30TH DISTRICT COURT OF WICHITA COUNTY

----------

## MEMORANDUM OPINION[1]

----------

In one point, appellant Z.P.H. contends that the trial court abused its discretion by requiring him to register as a sex offender after revoking his probation and committing him to the Texas Juvenile Justice Department. Because we conclude that no abuse of discretion occurred, we affirm.

### Background Facts

In October 2008, the State filed a petition in which it alleged that appellant had engaged in delinquent conduct a few months earlier. Particularly, the State

---

[1]See Tex. R. App. P. 47.4.

contended that soon before appellant had turned eleven years old, he had committed aggravated sexual assault by intentionally or knowingly causing penetration of a female child's sexual organ, anus, and mouth with his sexual organ.[2]

In April 2009, appellant waived several rights (including his right to a jury trial) and judicially confessed to the State's allegation of delinquency. The trial court found that appellant had committed delinquent conduct. Pursuant to appellant's agreement with the State, the court placed him on probation for twenty-four months.[3] As conditions of the probation, the trial court required appellant to, among other tasks, commit no further offenses, not possess pornographic material, complete a sex-offender treatment program, and not have overnight guests at his house who were under seventeen years old. The trial court deferred its decision on whether to require appellant to register as a sex offender.[4]

In November 2010, the State filed a petition alleging that appellant had violated several terms of his probation and asking the trial court to modify the

---

[2]*See* Tex. Penal Code Ann. § 22.021(a)(1)(B)(i)–(ii), (2)(B) (West Supp. 2013).

[3]*See* Tex. Fam. Code Ann. §§ 51.03(a)(1), 54.03(f), .04(d)(1), (*l*) (West Supp. 2013). The trial court explained that it was granting probation because appellant did not have a history of delinquent conduct and was "of an age that allow[ed] adequate time to attempt a plan of rehabilitation."

[4]*See* Tex. Code Crim. Proc. Ann. art. 62.352(b)(1) (West Supp. 2013).

probation.[5]  In January 2011, when appellant was thirteen years old, the trial court found that he had violated his probation in five ways (including by viewing pornography and violating curfew), extended the probation for "not more than 53 months," and continued to impose several conditions on the probation.  The court again deferred its decision on requiring appellant to register as a sex offender.

In March 2011, the State filed another petition to modify appellant's probation, asserting that he had violated it by allowing his fourteen-year-old girlfriend to spend multiple nights with him in his bedroom and having a sexual relationship with her.  Appellant stipulated to these violations.  The trial court found that he had violated his probation but continued the probation.  For a third time, the court deferred deciding on whether to require appellant to register as a sex offender.  In parts of 2011 and 2012, the court ordered appellant's temporary placement in child-caring facilities away from home.

In March 2013, when appellant was fifteen years old, the State filed another petition for the trial court to modify its disposition.  In this petition, the State alleged that appellant had violated his probation by viewing pornography, allowing his sixteen-year-old girlfriend to spend multiple nights with him in his

_____

[5]*See* Tex. Fam. Code Ann. § 54.05(a) (West Supp. 2013).

3

bedroom, allowing another sixteen-year-old female to spend multiple nights with him, and having sexual relationships with the sixteen-year-old girls.[6]

At an April 2013 hearing in which the trial court received testimony from one witness—Dr. David Sabine—and considered sealed documents filed by the State, the court found that appellant had violated his probation in each of the ways alleged by the State.[7] Following an agreement between appellant and the State, the court committed appellant to the Texas Juvenile Justice Department for an indeterminate period of time. The court also required appellant to register as a sex offender with local and state law enforcement authorities and ordered the registration to be made public.[8]

Appellant filed a motion for new trial, contending that in ordering him to register as a sex offender, the trial court had misapplied article 62.352 of the code of criminal procedure. The trial court denied appellant's motion by operation of law,[9] and he brought this appeal.

---

[6]Although the clerk's record does not explicitly state that two different sixteen-year-old girls slept at appellant's residence and had sex with him, appellant concedes in his brief that he committed those acts with two girls.

[7]Appellant stipulated to the violations.

[8]*See* Tex. Code Crim. Proc. Ann. art. 62.351(a) (West 2006).

[9]*See* Tex. R. Civ. P. 329b(c).

**Appellant's Registration as a Sex Offender**

On appeal, appellant argues only that the trial court abused its discretion by requiring him to register as a sex offender. Generally, a juvenile adjudicated delinquent for aggravated sexual assault is required to register as a sex offender with law enforcement authorities. Tex. Code Crim. Proc. Ann. arts. 62.001(5)(A), .051(a) (West Supp. 2013); *see In re S.M.*, No. 12-12-00264-CV, 2013 WL 1046891, at *2 (Tex. App.—Tyler Mar. 13, 2013, no pet.) (mem. op.). But on a juvenile's request, the trial court must conduct a hearing to determine whether the juvenile's and the public's interests require an exemption of the juvenile's registration. Tex. Code Crim. Proc. Ann. art. 62.351(a). At the hearing, to avoid registration, the juvenile bears the burden to show by a preponderance of the evidence that protection of the public is not increased by registration or that any potential increase in protection of the public "is clearly outweighed by the anticipated substantial harm to the [juvenile] and the [juvenile's] family that would result from registration." *Id.* arts. 62.351(b), .352(a).

As we have recently explained,

> In an appeal from an order requiring sex-offender registration, our standard of review "is whether the juvenile court . . . abused its discretion in requiring registration." In our abuse-of-discretion review, we ask whether the juvenile court (1) had sufficient information upon which to exercise its discretion and (2) erred in its application of discretion. We answer the first question under the well-trod principles of a sufficiency-of-the-evidence review. In short, we view all of the evidence introduced at the hearing in the light most favorable to the ruling to determine whether any rational trier of fact could have concluded that the public interest dictated registration.

5

If sufficient evidence exists, we then determine under the second inquiry whether the juvenile court made a reasonable decision or an arbitrary one, i.e., a decision made without reference to guiding rules or principles. If the juvenile court did not enter specific findings, . . . we examine the implied findings supporting the court's decision to require registration.

*In re J.T.W.*, No. 02-12-00430-CV, 2013 WL 3488153, at *2 (Tex. App.—Fort Worth July 11, 2013, no pet.) (mem. op.) (citations and footnote omitted); *see* Tex. Code Crim. Proc. Ann. art. 62.357(b) (West 2006) (stating that juvenile sex-offender registration orders are appealable and must be reviewed for an abuse of discretion); *S.M.*, 2013 WL 1046891, at *1 (reciting the two-part test for determining whether the trial court abused its discretion by ordering registration). An abuse of discretion does not occur merely because a trial court decides a matter differently than an appellate court would in a similar circumstance. *Foster v. Richardson*, 303 S.W.3d 833, 837 (Tex. App.—Fort Worth 2009, no pet.).

Appellant does not contest whether the trial court had sufficient information upon which to exercise its discretion; he contends only that the court misapplied the evidence to require his registration. We conclude that the trial court's decision is reasonable under the standards of article 62.352.

Before requiring appellant to register as a sex offender, the trial court heard testimony by Dr. Sabine, a psychologist. Dr. Sabine stated that he had treated appellant in a sex-offender program. He described appellant as "very likeable" and "charming." He explained, however, that appellant had caused a "series of setbacks that ultimately led to his going away [from] treatment."

6

Dr. Sabine testified that appellant does "pretty well" when given firm limits on his behavior but that when appellant reemerges into the community, he "really [begins] to struggle pretty quickly." For example, appellant had talked about sexual activities with many girls. Although Dr. Sabine attempted to work with appellant on making good decisions, appellant "just couldn't pull back." Dr. Sabine said that appellant knew that having females spend the night with him was not acceptable but did so anyway.

According to Dr. Sabine, appellant "just [could not] maintain his . . . self-control." Thus, it became clear to Dr. Sabine that appellant was "spiralling down very quickly." Dr. Sabine testified that at one point during the State's case, appellant went to a teen shelter because it was obvious that he could not safely function in the community. While Dr. Sabine was treating appellant, he thought that there was an "unacceptably high" probability that appellant would become a danger to the public.

Dr. Sabine described appellant's offense that led to his adjudication of delinquency as "shocking" and "very serious." Specifically, Dr. Sabine explained that appellant had participated in the aggravated sexual assault of a child as part of a group that he had apparently encouraged or led. The State's prosecutor said that appellant had been "adjudicated for gang raping a nine-year-old girl" and that during the assault, he had held a knife to her throat.[10]

---

[10]The trial court was entitled to consider this representation of counsel, which other documents in the record confirmed. *See* Tex. Code Crim. Proc. Ann.

7

Moreover, the trial court took judicial notice of the contents of a sealed envelope that contained a cost spreadsheet for appellant's treatments, social history reports, and appellant's psychological evaluation. The court stated on the record that it had reviewed the contents of the envelope. *See* Tex. Code Crim. Proc. Ann. art. 62.351(b)(4) (stating that courts may base their registration determinations for juveniles on the "contents of a social history report prepared by the juvenile probation department that may include the results of testing and examination of the respondent by a psychologist, psychiatrist, or counselor"). We have also reviewed the envelope's sealed and confidential contents. While we will not reveal details contained in the sealed documents, we conclude that the documents support the trial court's registration decision, especially to the extent that they reveal more facts about appellant's aggravated sexual assault and his continuing sexual misbehavior while on probation.

Considering Dr. Sabine's testimony and the sealed records together, the trial court could have reasonably determined that appellant had not met his burden to show that the public's protection would not be increased by his registration or that any such increase was clearly outweighed by anticipated

---

art. 62.351(b)(3). The prosecutor also noted that the trial court was considering appellant's third set of probation violations and that appellant had been given "countless opportunities at a great expense"; the record likewise supports these statements.

8

substantial harm to appellant or his family.[11]  *See* Tex. Code Crim. Proc. Ann. arts. 62.351(b), .352(a).  Specifically, the trial court could have reasonably based its decision on the violent nature of appellant's offense, appellant's repeated failures to comply with rules aimed at correcting sexual misbehavior (including viewing pornography and having sexual relationships), and Dr. Sabine's testimony about appellant's deterioration of self-control even after receiving significant sex-offender treatment.  *Cf. J.T.W.*, 2013 WL 3488153, at *2 (concluding that a juvenile's viewing pornography, contacting minors, sending sexually-explicit pictures, drinking alcohol, and paying two girls to kiss each other, all which violated his probation, comprised sufficient evidence to uphold a trial court's decision requiring registration); *In re C.G.M.*, No. 11-12-00031-CV, 2012 WL 2988818, at *3–4 (Tex. App.—Eastland July 19, 2012, no pet.) (mem. op.) (affirming an order requiring a juvenile's registration because, in part, the juvenile violated his probation in multiple ways and had failed to complete sex-offender treatment despite having two years to do so).

To argue that the trial court's registration decision is not based on sufficient evidence, appellant relies on Dr. Sabine's ultimate opinion that the trial court should have, for a fourth time, deferred the decision.  Toward the end of the hearing, Dr. Sabine testified,

---

[11]We note that appellant did not present evidence of specialized harm that he or his family would suffer by his registration as a sex offender.

9

If we were at the point where [appellant] was about to turn eighteen, I would really be . . . having to consider this a lot more carefully. But at this point for me, in my professional judgment, [appellant] is not quite yet sixteen, he's gonna have this opportunity in treatment. During that time I presume that the community is going to be safe . . . . And so that particular concern would be mitigated by his participation there and he would have [an] opportunity to sort of figure this out. He has some . . . things in his favor. He's bright and he's an engaging young man. I mean, those things could go for the good or for the bad, but those are things that he possesses. But because of his tender age . . . , he's still in the process of forming those frontal lobes . . . . And so as maturation continues over these next two years, I'm very hopeful that there will be some things snap into place for [appellant], both because of the neurology of it and also because of the opportunities of treatment he's going to get and because of being in a place that for the time being will be safe in terms of the community. It may be if he doesn't avail himself of those opportunities, that registration would certainly be appropriate. But today, . . . the deferring of that decision would be my recommendation because the implications for [appellant's] life about registering, if it ultimately ends up being not necessary, are so great at that time, that the issue to protect the community doesn't seem to rise to that level at this point.

Article 62.352 states that a trial court "may" defer a registration decision until the juvenile "has completed treatment for the . . . sexual offense as a condition of probation or while committed to the Texas Juvenile Justice Department." Tex. Code Crim. Proc. Ann. art. 62.352(b)(1). At the hearing, the trial court received evidence that in the four years since it had adjudicated appellant delinquent (April 2009 to April 2013), he had participated in several kinds of treatment (including graduating from one treatment placement) but none of the treatment options had stopped his sexual misbehavior. Although Dr. Sabine testified that more sex-offender treatment would be available to appellant during his commitment to the Texas Juvenile Justice Department, the trial court

10

could have reasonably relied on appellant's prior failures to modify his behavior after treatment in declining to defer its registration decision for a fourth time while more treatment was given.[12]  *See id.*; *see also S.M.*, 2013 WL 1046891, at *2–3 (affirming a decision requiring a juvenile's registration while the juvenile was serving a determinate sentence because, in part, a counselor concluded that treatment might not be effective); *In re J.D.G.*, 141 S.W.3d 319, 322 (Tex. App.— Corpus Christi 2004, no pet.) (holding that a trial court did not abuse its discretion by declining to continue a deferral of the registration decision when the juvenile violated numerous probation terms and had made little progress in sex-offender treatment).

For these reasons, considering all of the evidence, we cannot conclude that the trial court abused its discretion by requiring appellant's registration as a sex offender.  *See* Tex. Code Crim. Proc. Ann. art. 62.352(a); *J.T.W.*, 2013 WL 3488153, at *2.  We overrule appellant's sole point.

---

[12]Dr. Sabine agreed with a description of appellant as a "treatment failure." Appellant has not directed us to authority establishing that the trial court was bound by Dr. Sabine's recommendation of a deferral of the court's registration decision.

**Conclusion**

Having overruled appellant's only point, we affirm the trial court's order requiring his registration as a sex offender.

/s/ Terrie Livingston

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DELIVERED:  February 20, 2014