COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |
|---|---|
| § | No. 08-10-00073-CV |
| § |  |
| IN THE MATTER OF: § | Appeal from |
| § |  |
| L.L., JR., A JUVENILE. § | 65th District Court |
| § |  |
| § | of El Paso County, Texas |
| § |  |
| § | (TC # 05,00800) |
| § |  |

## **O P I N I O N**

L.L., Jr., a juvenile appeals from an order requiring him to register as a sex offender. *See* TEX.CODE CRIM.PROC.ANN. art. 62.357(b)(West 2006)(authorizing appeal of juvenile court's order requiring sex offender registration). For the reasons that follow, we affirm.

## **FACTUAL SUMMARY**

In 2007, the State filed a petition based on delinquent conduct alleging that fourteen-year-old Appellant committed the offense of indecency with a child by contact. The juvenile court, based on Appellant's written stipulation, found that Appellant engaged in delinquent conduct as alleged in the petition, and the court placed Appellant on supervised probation. An adjudication of delinquent conduct for indecency with a child requires the juvenile to register as a sex offender. *See* TEX.CODE CRIM.PROC.ANN. art. 62.001(5)(A)(West Supp. 2010). As permitted by Article 62.352(b)(1), the juvenile court deferred making a decision on registration while Appellant participated in a sex offender treatment program. *See* TEX.CODE CRIM.PROC.ANN. art. 62.352 (b)(1). After Appellant completed the program, the juvenile court entered an order requiring Appellant to register as a sex offender. This appeal follows.

## SEX OFFENDER REGISTRATION

In his sole issue, Appellant contends that the juvenile court abused its discretion by requiring him to register as a sex offender because the court failed to include the required findings in its order. Appellant additionally argues the evidence does not support the court's decision to require registration.

### Relevant Law

Article 62.352(a) of the Code of Criminal Procedure requires the juvenile court to enter an order exempting a juvenile from registration if the court determines: (1) that the protection of the public would not be increased by registration; or (2) that any potential increase in protection of the public resulting from registration is clearly outweighed by the anticipated substantial harm to the juvenile and the juvenile's family that would result from registration. TEX.CODE CRIM.PROC.ANN. art. 62.352(a). The juvenile court may also defer decision on requiring registration until the juvenile has completed treatment for the sexual offense as a condition of probation or while the juvenile is committed to the Texas Youth Commission. TEX.CODE CRIM.PROC.ANN. art. 62.352(b)(1). If the court enters an order pursuant to Article 62.352(b)(1), the court retains discretion and jurisdiction to require, or exempt the juvenile from, registration on the successful or unsuccessful completion of treatment. TEX.CODE CRIM.PROC.ANN. art. 62.352(c). Following successful completion of treatment, the juvenile is exempted from registration unless a hearing is held on motion of the state and the court determines the interests of the public require registration. TEX.CODE CRIM.PROC.ANN. art. 62.352(c). The standard of review is whether the juvenile court committed procedural error or abused its discretion in requiring the juvenile to register as a sex offender. TEX.CODE CRIM.PROC.ANN. art. 62.357(b).

### Necessity of Written Findings

Appellant's first argument concerns alleged procedural error. Citing *In the Matter of J.D.G.*, 141 S.W.3d 319, 321 (Tex.App.--Corpus Christi 2004, no pet.), Appellant contends that the juvenile court erred by failing to enter an order which contains the findings required by Article 62.352(a). The Corpus Christi Court of Appeals noted in its opinion that the juvenile court had made certain written findings in its order, but the court did not hold that the findings must be included in the order. While Article 62.352(a) requires that the juvenile court exempt a juvenile from registration if the court finds certain facts, the statute does not require that the findings be included in the order. This portion of Appellant's argument is without merit.

### Abuse of Discretion and Sufficiency of the Evidence

Appellant next argues that the juvenile court abused its discretion because the evidence does not support the juvenile court's implied findings. As part of his contention that the juvenile court abused its discretion, Appellant may challenge the legal and factual sufficiency of the evidence supporting the court's implied findings of fact. *In the Matter of M.A.C.*, 999 S.W.2d 442, 446 (Tex.App.--El Paso 1999, no pet.). In our review, we engage in a two-pronged inquiry: (1) Did the trial court have sufficient information upon which to exercise its discretion, and (2) did the trial court err in its application of discretion? *In the Matter of M.A.C.*, 999 S.W.2d at 446. The traditional sufficiency of the evidence standards apply to the first question. *Id.* Once we have determined whether sufficient evidence exists, we must then decide whether the juvenile court made a reasonable decision or was it arbitrary. *Id.* A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner, without reference to guiding rules or principles. *Bowie Memorial Hospital v. Wright*, 79 S.W.3d 48, 52 (Tex. 2002). When reviewing a matter committed to a trial court's discretion, we may not substitute our own judgment for that of the trial court. *Id.*

Appellant directs his sufficiency argument at the two findings required by Article 62.352(a):

(1) that the protection of the public would not be increased by registration; or (2) that any potential increase in protection of the public resulting from registration is clearly outweighed by the anticipated substantial harm to the juvenile and the juvenile's family that would result from registration. The juvenile court had, however, previously made the decision to defer the registration decision until after Appellant completed sex offender treatment. See TEX.CODE CRIM.PROC.ANN. art. 62.352(b)(1). Consequently, Article 62.352(c) comes into play. Under that statute, Appellant is exempt from registration if he successfully completed the treatment program unless a hearing is held on motion of the State and the court determines that the interests of the public requires registration. TEX.CODE CRIM.PROC.ANN. art. 62.352(c). While Article 62.352(a) requires Appellant to establish certain facts in order to be exempt from registration, Article 62.352(c) requires exemption if Appellant successfully completed sex offender treatment unless the court finds that the interests of the public nevertheless requires registration.[1]

In the absence of written findings, we will examine the implied findings which could support the juvenile court's decision. The juvenile court could have found under Article 62.352(c) that Appellant successfully completed the treatment program but the interests of the public requires registration. Appellant does not expressly state in his brief whether he is challenging the legal or factual sufficiency of the evidence supporting the implied finding under Article 62.352(c), but we have construed his argument as a factual sufficiency challenge because he asserts that the juvenile court's decision is contrary to the overwhelming evidence. In reviewing this sufficiency challenge, we view all of the evidence but do not view it in the light most favorable to the challenged finding. *See In re M.A.C.*, 999 S.W.2d at 446; *In the Matter of A.S.*, 954 S.W.2d 855, 860 (Tex.App.--El Paso

---

[1] Article 62.352 does not specify what standard would be required for exemption if the juvenile is unsuccessful at the treatment program. Presumably, Article 62.352(a) would govern the juvenile court's decision on registration.

1997, no writ). Only if the finding is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust will we conclude that the evidence is factually insufficient. *In re M.A.C.*, 999 S.W.2d at 446; *In re A.S.*, 954 S.W.2d at 860.

Appellant attended a sex offender residential treatment program at the Pegasus Schools from September 17, 2008 until September 8, 2009. The State introduced into evidence the discharge summary, dated September 8, 2009, prepared by John Joslin, a therapist at Pegasus. Joslin recounted that Appellant had previously been in outpatient treatment for fourteen months but was discharged unsuccessfully because he made minimal progress. At Pegasus, Appellant had considerable behavioral difficulty in the early phases of treatment and avoided therapy by minimizing the offense and blaming the victim, and by the use of anger, intimidation, artificial confusion and aggression. He made steady improvement over time and eventually held himself accountable for the offense. He also became able to show more empathy for others but he would need to continue to work on this during outpatient therapy following discharge from Pegasus. Joslin identified certain behaviors that demonstrated a risk of re-offense: (1) continued use of cognitive distortions (thinking errors he continued to use are victim stance, instant gratification, and anger); (2) unwillingness to control his impulses (sexual and criminal); (3) the number of sexual assault victims (approximately eleven); (4) the number of male victims (approximately two); (5) duration of sexual history (over one year); and school behavior problems. Despite these risks, Appellant had shown a reduction of "criminal pride thinking errors" and behavior and he did not require staff intervention for negative or aggressive behavior. Appellant had also demonstrated an ability to apply the therapy concepts he had learned to control his deviant impulses. Joslin administered the Juvenile Sex Offender Assessment Protocol II (J-SOAP-II) shortly before Appellant's discharge from the program. J-SOAP-II is a systematic review and assessment of items that may reflect an increased risk to re-offend. On the sex

drive/preoccupation scale, Appellant scored 9 out of a possible 16 risk points suggesting a high risk. He scored 5 out of a possible 16 points on the impulsive/antisocial behavior scale indicating a low risk for general delinquency. With respect to the intervention scale, Appellant scored 5 out of 14 risk points indicating that Appellant had benefitted from treatment. Appellant's score on the intervention factor reduces the first two risk factors. Given Appellant's overall risk score of 34 percent, Joslin concluded that he was a low risk to re-offend. However, Joslin recommended that the J-SOAP-II results were only part of a comprehensive risk assessment and should be reevaluated three months after being transitioned back into the community. Joslin additionally recommended that Appellant continue with sex offender therapy with a licensed sex offender treatment provider following discharge. Due to Appellant's progress in treatment, Joslin recommended that Appellant not be required to register as a sex offender, and Appellant's treatment team at Pegasus recommended that the court defer sex offender registration for six months in order to determine compliance with probation.

Appellant's aftercare probation officer, Jennifer Parada, testified at the registration hearing and her review of probation report was admitted into evidence. Parada characterized Appellant's discharge from Pegasus as successful. As a result of the polygraph examiner's report, Parada became aware that Appellant had been watching pornographic materials and he had asked high school girls to send him photographs of themselves. At a home visit, Parada confronted Appellant with these violations of his safety plan and he took full ownership of them. Parada recommended that Appellant register as a sex offender but she admitted that was the department's stance in every case.

Margie Desrosiers is a licensed sex offender treatment provider who treated Appellant before he went to Pegasus and during his aftercare program. Appellant did not progress well during initial

sex offender treatment with Desrosiers and he was subsequently placed at Pegasus. Desrosiers had reviewed the discharge summary from Pegasus and did not agree that Appellant had done well in that program or that he should have been successfully discharged. Desrosiers prepared a discharge summary dated November 23, 2009 indicating that Appellant had gained a full awareness of his inappropriate sexual behaviors and how he repeated his offense cycle, and further, he understood how his deviant sexual fantasies can lead him to re-offend if he did not interrupt them immediately. Desrosiers also expressed that Appellant had not always adhered to his relapse prevention plans. For example, Appellant was not forthcoming about his tardiness and truancy at his high school and he was unwilling to quit wearing gang colors because he liked to dress that way. The discharge summary also reported that Appellant disclosed all of his victims while at Pegasus, but Desrosiers recommended that he take a Maintenance Polygraph to determine if he had committed any new illegal sexual acts or had unsupervised contact with a child in violation of the court order. Desrosiers noted that Appellant disclosed in July 2009 that he had engaged in inappropriate sexual behaviors with a total of twenty-nine persons, both male and female, and of those, fourteen were family members. One of the victims was a one-year-old. Desrosiers concluded that Appellant's prognosis was poor unless he adhered to his relapse prevention plan which included impulse control, identifying and correcting cognitive distortions, avoiding negative peers and family members, and holding himself accountable for his actions. Desrosiers abstained from making a registration recommendation until after the polygraph had been administered.

The polygraph examiner interviewed Appellant prior to the exam on November 23, 2009. Appellant admitted that he had used marihuana on at least seven occasions since his July 2009 polygraph exam and had cut painkillers into little pieces and then inhaled them through his nose. He had also drank beer and what he believed to be whisky or a few occasions. Appellant had sexual

fantasies with children on the average of three times per week and he had unsupervised contact with seven male and nine female children, mostly family members. All of these children were Appellant's former victims. Appellant also told the polygraph examiner that he has viewed adult pornography both at school and home and he has solicited high school girls to send him "sexy pictures" of themselves. Finally, Appellant informed the examiner he had engaged in sexual contact with a six-year-old girl. It is unclear from the report whether this is a new victim or a victim which Appellant failed to disclose during his July 2009 examination. After reviewing the polygraph examiner's report, Desrosiers recommended that Appellant be required to register.

The juvenile court had before it conflicting evidence and conflicting recommendations as to registration, but that does not automatically render the evidence factually sufficient. There is credible evidence supporting an implied finding that Appellant successfully completed treatment at Pegasus. Turning to the interests of the public element, the evidence showed that Appellant had engaged in inappropriate sexual behavior with thirty people, both male and female, ranging in age from one year of age to seventeen years of age. Appellant continued to have sexual fantasies about children and he engaged in unsupervised contact with several former victims even after treatment at Pegasus and in violation of the court's order. Appellant's behavior indicates an unwillingness to control his impulses which both Joslin and Desrosiers identified as a risk factor for relapse. The evidence is factually sufficient to support an implied finding that the interests of the public require registration. We conclude that the juvenile court did not abuse its discretion by entering the registration order. Appellant's sole issue is overruled and the judgment of the juvenile court is affirmed.

June 1, 2011                                    _____

ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.