Opinion filed July 19, 2012



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00031-CV

_____

## IN THE MATTER OF C.G.M, A JUVENILE

**On Appeal from the 98th District Court**
**Travis County, Texas**
**Trial Court Cause No. J-28,523**

### MEMORANDUM OPINION

C.G.M. appeals from an order requiring him to register as a sex offender. *See* TEX. CODE CRIM. PROC. ANN. art. 62.357(b) (West 2006) (authorizing appeal of juvenile court's order requiring sex offender registration). We affirm.

### Background Facts

On March 26, 2009, appellant, a juvenile at the time, pleaded true to and was adjudicated for aggravated sexual assault of a child, a thirteen-year-old girl. Pursuant to a plea agreement, appellant was placed on probation until his eighteenth birthday and ordered to complete sex offender treatment. At the disposition hearing, the trial court made no ruling as to whether appellant would have to register as a sex offender.

On April 24, 2009, appellant filed a motion to excuse sex offender registration. On April 27, after a brief hearing, the trial court deferred its decision on registration until appellant completed sex offender treatment. A year later, in April 2010, the State filed a motion to require

sex offender registration. The trial court ultimately held a hearing on the State's motion on June 28, 2011.

At the June 28 hearing, the State presented evidence that appellant had not completed sex offender treatment because he kept being arrested and serving time in jail. The first witness was his juvenile probation officer who testified that she had been appellant's probation officer from March 30, 2009, until October 11, 2010, when appellant turned eighteen years of age. She testified that appellant had not completed the sex offender treatment primarily because he had spent so much time in the Del Valle jail and in a state jail facility.

Appellant was arrested for the offenses of robbery and evading arrest on November 8, 2009. In the adult system, he received deferred adjudication for five years. Because appellant was not inside his residence when the police were in pursuit of him on November 8, the juvenile trial court modified his probation in this cause on September 15, 2010, and placed him on probation at the Intermediate Sanctions Center.

His juvenile probation officer testified that there had been times when she was supervising him and an adult probation officer was also supervising him. Appellant had violated his adult probation requirements by testing positive for drugs. The adult probation officer had a difficult time finding a drug treatment program for him, and the juvenile probation officer had him placed in the Chill Program. However, after finishing the Chill Program, appellant again tested positive for drugs in his adult probation, and the State filed another motion to revoke his probation. After that motion to revoke, appellant was placed on probation at the Intermediate Sanctions Center and required to attend its drug program. Appellant was in that program for approximately one month when he was discharged on October 11, 2010, on his eighteenth birthday.

According to the juvenile probation officer, appellant had been out of jail for only three months in 2010 and, while in jail, had not been attending sex offender treatment. The juvenile sex offender therapist would not allow him back into her program during the time appellant was on adult probation; therefore, she had discharged him from the program. The juvenile probation officer did state that the robbery charge had been reduced to a theft-of-person offense and that appellant had served a concurrent one-year probation on both counts in the adult probation system. After appellant completed adult probation, the juvenile sex offender therapist allowed him to return to her program; however, he was discharged from the program a second time when

2

he was arrested again. At the time of the June 28 hearing, appellant was serving time in a state jail facility, but he was due to be released on July 8, 2011.

At the June 28 hearing, appellant's juvenile probation officer concluded her testimony by stating that appellant had continued to make poor choices, especially in his selection of peers to be with in the community. Appellant had improved when he was in sex offender treatment; however, she was concerned about his continued drug use. She did testify that he had prospects concerning possible work after release.

Appellant's sex offender therapist testified that appellant had made progress in accepting responsibility for his aggravated sexual assault offense and in developing empathy for his victim. But she also emphasized his habit of falling in with bad peers and getting into delinquent behaviors. Although those delinquent behaviors did not appear to be sexually related, the therapist stated that she had not been able to verify whether they were sexually related or not. It was clear to her that appellant had not complied with his probation rules. She confirmed that he had been discharged from her program the first and second time because of the adult charges and probation issues. She also testified that continued use of alcohol and drugs increase the risk factor of re-offending. She had encouraged him to complete the sex offender treatment program because relapse rates for people who do not complete the therapy are higher than for people who do complete the therapy.

The therapist stated that she had not assessed appellant within the past ninety days, but at the time he was incarcerated, she had assessed him as a moderate risk to the community. By moderate risk, she meant that he needed supervision. She had placed him at moderate risk earlier because of his poor decision-making skills and poor judgment in actions in the community.

At the end of the June 28 hearing, the trial court told appellant that it had believed in him for years; the record reflects that the same trial judge had been handling appellant since 2008. The trial court then told him that, despite its belief that he could improve, he had consistently thrown away his opportunities. The trial court questioned appellant about his incarceration in the state jail facility. Appellant told the court that the Del Valle jail was nothing like his current jail and that he had learned that he did not want to be where he was again and did not want to be registered as a sex offender.

Because appellant was due to be released soon, the trial court recessed the case to give appellant one last opportunity to change:

> There are two things that will happen. You'll be able to stay out of trouble, and you will get back into therapy and you will do what you need to do, or you're going to be registered.

The trial court then told appellant that being in jail had been used as an excuse for not attending therapy but that that situation would not be an excuse in the future.

On November 17, 2011, the trial court reconvened appellant's case for a determination of whether appellant should be required to register as a sex offender and, if so, whether the registration would be public or private. His juvenile probation officer was the only witness. She testified that appellant had done well when he was in the group for sex offender treatment. However, appellant had been arrested again for aggravated robbery and evading. He was currently in the Del Valle jail. According to the offense report, there was a Hispanic male and another man who had approached a teenage boy in a car three times. The first time, they asked the boy for weed; the second time, they asked him for a cell phone; and the third time, they took the car. During the last approach, they used a gun; however, it was reported to be a toy gun. The following night, one of the young men picked appellant up in the stolen vehicle. Later that night, appellant was involved in evading arrest. When arrested, appellant was "noticeably out of it" and admitted to being on a number of pills.

The trial court asked if appellant remained in the sex offender therapy group and was told by the probation officer that he had been unsuccessfully discharged from the program for the third time. The probation officer confirmed that the sex offender therapist had been concerned about appellant's use of alcohol and drugs because it was a risk factor in terms of his possible re-offending for sexual crimes. The juvenile probation officer also testified that appellant had not found a job; his mother had been paying for the sex offender therapy. From beginning treatment in April 2009, appellant had failed to complete sex offender treatment in two and one-half years.

After again stating to appellant that he had "blown through" many chances, the trial court addressed appellant:

> Motion to Register is granted. [C.G.M.], you are a dangerous person. You have not successfully completed treatment, even though given multiple chances. If you continue to use drugs and you continue to commit crimes against persons, put together, that makes you a very dangerous predator.
>
> Given your offense history, you are hereby ordered to register publicly.

4

*Analysis*

An adjudication of delinquent conduct for aggravated sexual assault requires the juvenile to register as a sex offender. *See* TEX. CODE CRIM. PROC. ANN. art. 62.001(5)(A) (West Supp. 2011). As permitted by Article 62.353(b)(1), the juvenile court deferred making a decision on registration while appellant participated in a sex offender treatment program. *See id.* art. 62.353(b)(1) (West 2006).

Article 62.352(a) of the Code of Criminal Procedure requires the juvenile court to enter an order exempting a juvenile from registration if the court determines (1) that the protection of the public would not be increased by registration or (2) that any potential increase in protection of the public resulting from registration is clearly outweighed by the anticipated substantial harm to the juvenile and the juvenile's family that would result from registration. *Id.* art. 62.352(a). The standard of review is whether the juvenile court committed procedural error or abused its discretion in requiring the juvenile to register as a sex offender. *Id.* art. 62.357(b); *In re L.L., Jr.*, No. 08-10-00073-CV, 2011 WL 2162748 (Tex. App.—El Paso June 1, 2011, no pet.); *In re J.D.G.*, 141 S.W.3d 319, 321 (Tex. App.—Corpus Christi 2004, no pet.).

Appellant does not complain of a procedural error. His argument is that the trial court abused its discretion in ordering registration (1) because the trial court based its decision on the fact that appellant continued to commit nonsexual criminal offenses and (2) because there was no evidence to show that protection of the public from further sexual misconduct by appellant would be enhanced by requiring him to register as a sex offender. We disagree.

The trial court did not abuse its discretion by requiring appellant to register as a sex offender. Appellant continued to abuse drugs and had not completed his sex offender treatment despite multiple chances over the course of two years. Both his juvenile probation officer and his sex offender therapist testified that substance abuse and failure to complete treatment increase a sex offender's risk of re-offending. In view of his convictions for theft of person (the robbery charge was reduced) and evading arrest, his multiple violations of both his juvenile and adult probations, his continued use of drugs, his second arrest for another robbery and evading arrest, and his failure to complete sex offender treatment, the trial court was well within its discretion to find that appellant should publicly register as a sex offender

Appellant was an adult during the period between the June 28 hearing and the November 11 hearing. During that period, he was again arrested and was high on pills at the

time of his arrest. Appellant had the burden of proof by a preponderance of the evidence to show that he deserved an exemption from registering, i.e., that either criteria of Article 62.352(a) had been met. Article 62.351(b). Appellant did not meet that burden. Appellant's sole issue is overruled.

## *This Court's Ruling*

The order of the trial court is affirmed.


TERRY McCALL

JUSTICE


July 19, 2012

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.