Opinion filed July 19, 2012

                                                                      
In The

  Eleventh Court of Appeals

                  __________

 

                                                         No. 11-12-00031-CV 

                                                    __________

 

                          
IN THE MATTER OF C.G.M, A JUVENILE



                            
On Appeal from the 98th District Court

                                              
Travis County, Texas

                                        
Trial Court Cause No. J-28,523



M E M O R A N D U
M   O P I N I O N

            C.G.M. appeals from an order requiring him to
register as a sex offender.  See Tex.
Code Crim. Proc. Ann. art. 62.357(b) (West 2006) (authorizing appeal of
juvenile court’s order requiring sex offender registration).  We affirm.

Background Facts

            On March 26, 2009, appellant, a juvenile at the
time, pleaded true to and was adjudicated for aggravated sexual assault of a
child, a thirteen-year-old girl.  Pursuant to a plea agreement, appellant was
placed on probation until his eighteenth birthday and ordered to complete sex
offender treatment.  At the disposition hearing, the trial court made no ruling
as to whether appellant would have to register as a sex offender.

            On April 24, 2009, appellant filed a motion to
excuse sex offender registration. On April 27, after a brief hearing, the
trial court deferred its decision on registration until appellant completed sex
offender treatment.  A year later, in April 2010, the State filed a motion to
require sex offender registration.  The trial court ultimately held a hearing
on the State’s motion on June 28, 2011.

            At the June 28 hearing, the State presented
evidence that appellant had not completed sex offender treatment because he
kept being arrested and serving time in jail.  The first witness was his juvenile
probation officer who testified that she had been appellant’s probation officer
from March 30, 2009, until October 11, 2010, when appellant turned eighteen
years of age.  She testified that appellant had not completed the sex offender
treatment primarily because he had spent so much time in  the Del Valle jail
and in a state jail facility.

            Appellant was arrested for the offenses of
robbery and evading arrest on November 8, 2009.  In the adult system, he
received deferred adjudication for five years.  Because appellant was not
inside his residence when the police were in pursuit of him on November 8, the juvenile
trial court modified his probation in this cause on September 15, 2010, and
placed him on probation at the Intermediate Sanctions Center.

            His juvenile probation officer testified that
there had been times when she was supervising him and an adult probation
officer was also supervising him.  Appellant had violated his adult probation
requirements by testing positive for drugs.  The adult probation officer had a
difficult time finding a drug treatment program for him, and the juvenile
probation officer had him placed in the Chill Program.  However, after
finishing the Chill Program, appellant again tested positive for drugs in his
adult probation, and the State filed another motion to revoke his probation.  After
that motion to revoke, appellant was placed on probation at the Intermediate
Sanctions Center and required to attend its drug program.  Appellant was in
that program for approximately one month when he was discharged on October 11,
2010, on his eighteenth birthday.

            According to the juvenile probation officer, appellant
had been out of jail for only three months in 2010 and, while in jail, had not
been attending sex offender treatment.  The juvenile sex offender therapist
would not allow him back into her program during the time appellant was on adult
probation; therefore, she had discharged him from the program.  The juvenile probation
officer did state that the robbery charge had been reduced to a theft-of-person
offense and that appellant had served a concurrent one-year probation on both
counts in the adult probation system.  After appellant completed adult
probation, the juvenile sex offender therapist allowed him to return to her
program; however, he was discharged from the program a second time when he was
arrested again.  At the time of the June 28 hearing, appellant was serving time
in a state jail facility, but he was due to be released on July 8, 2011. 

            At the June 28 hearing, appellant’s juvenile
probation officer concluded her testimony by stating that appellant had
continued to make poor choices, especially in his selection of peers to be with
in the community.  Appellant had improved when he was in sex offender
treatment; however, she was concerned about his continued drug use.  She did
testify that he had prospects concerning possible work after release.  

            Appellant’s sex offender therapist testified
that appellant had made progress in accepting responsibility for his aggravated
sexual assault offense and in developing empathy for his victim. But she also
emphasized his habit of falling in with bad peers and getting into delinquent
behaviors.  Although those delinquent behaviors did not appear to be sexually
related, the therapist stated that she had not been able to verify whether they
were sexually related or not.  It was clear to her that appellant had not
complied with his probation rules.  She confirmed that he had been discharged
from her program the first and second time because of  the adult charges and
probation issues.  She also testified that continued use of alcohol and drugs
increase the risk factor of re-offending.  She had encouraged him to complete
the sex offender treatment program because relapse rates for people who do not
complete the therapy are higher than for people who do complete the therapy.

            The therapist stated that she had not assessed appellant
within the past ninety days, but at the time he was incarcerated, she had
assessed him as a moderate risk to the community.  By moderate risk, she meant
that he needed supervision.  She had placed him at moderate risk earlier
because of his poor decision-making skills and poor judgment in actions in the
community.

            At the end of the June 28 hearing, the trial
court told appellant that it had believed in him for years; the record reflects
that the same trial judge had been handling appellant since 2008.  The trial
court then told him that, despite its belief that he could improve, he had
consistently thrown away his opportunities.  The trial court questioned appellant
about his incarceration in the state jail facility.  Appellant told the court
that the Del Valle jail was nothing like his current jail and that he had
learned that he did not want to be where he was again and did not want to be
registered as a sex offender.




 

            Because appellant was due to be released soon,
the trial court recessed the case to give appellant one last opportunity to
change:

            There
are two things that will happen.  You’ll be able to stay out of trouble, and
you will get back into therapy and you will do what you need to do, or you’re
going to be registered.

 

The trial court then told appellant that being in jail had
been used as an excuse for not attending therapy but that that situation would
not be an excuse in the future.

            On November 17, 2011, the trial court reconvened
appellant’s case for a determination of whether appellant should be required to
register as a sex offender and, if so, whether the registration would be public
or private.  His juvenile probation officer was the only witness.  She
testified that appellant had done well when he was in the group for sex
offender treatment.  However, appellant had been arrested again for aggravated
robbery and evading.  He was currently in the Del Valle jail.  According to the
offense report, there was a Hispanic male and another man who had approached a teenage
boy in a car three times.  The first time, they asked the boy for weed; the
second time, they asked him for a cell phone; and the third time, they took the
car.  During the last approach, they used a gun; however, it was reported to be
a toy gun.  The following night, one of the young men picked appellant up in
the stolen vehicle.  Later that night, appellant was involved in evading
arrest.  When arrested, appellant was “noticeably out of it” and admitted to
being on a number of pills.

            The trial court asked if appellant remained in
the sex offender therapy group and was told by the probation officer that he
had been unsuccessfully discharged from the program for the third time.  The
probation officer confirmed that the sex offender therapist had been concerned
about appellant’s use of alcohol and drugs because it was a risk factor in
terms of his possible re-offending for sexual crimes.  The juvenile probation
officer also testified that appellant had not found a job; his mother had been
paying for the sex offender therapy.  From beginning treatment in April 2009, appellant
had failed to complete sex offender treatment in two and one-half years.

            After again stating to appellant that he had
“blown through” many chances, the trial court addressed appellant:

            Motion
to Register is granted.  [C.G.M.], you are a dangerous person.  You have not
successfully completed treatment, even though given multiple chances.  If you
continue to use drugs and you continue to commit crimes against persons, put
together, that makes you a very dangerous predator.  

 

            Given your
offense history, you are hereby ordered to register publicly. 

 

Analysis

            An adjudication of delinquent conduct for
aggravated sexual assault requires the juvenile to register as a sex offender. 
See Tex. Code Crim. Proc. Ann. art.
62.001(5)(A) (West Supp. 2011).  As permitted by Article 62.353(b)(1), the
juvenile court deferred making a decision on registration while appellant
participated in a sex offender treatment program. See id.
art. 62.353(b)(1) (West 2006).

            Article 62.352(a) of the Code of Criminal
Procedure requires the juvenile court to enter an order exempting a juvenile
from registration if the court determines (1) that the protection of the public
would not be increased by registration or (2) that any potential increase in
protection of the public resulting from registration is clearly outweighed by
the anticipated substantial harm to the juvenile and the juvenile’s family that
would result from registration.  Id. art. 62.352(a).  The standard of
review is whether the juvenile court committed procedural error or abused its
discretion in requiring the juvenile to register as a sex offender.  Id. art. 62.357(b); In re L.L., Jr.,
No. 08-10-00073-CV, 2011 WL 2162748 (Tex. App.—El Paso June 1, 2011, no pet.); In
re J.D.G., 141 S.W.3d 319, 321 (Tex. App.—Corpus Christi 2004, no pet.).    

            Appellant does not complain of a procedural
error.  His argument is that the trial court abused its discretion in ordering
registration (1) because the trial court based its decision on the fact that appellant
continued to commit nonsexual criminal offenses and (2) because there was no
evidence to show that protection of the public from further sexual misconduct
by appellant would be enhanced by requiring him to register as a sex
offender.   We disagree.

            The trial court did not abuse its discretion by
requiring appellant to register as a sex offender.  Appellant continued to
abuse drugs and had not completed his sex offender treatment despite multiple
chances over the course of two years.  Both his juvenile probation officer and
his sex offender therapist testified that substance abuse and failure to
complete treatment increase a sex offender’s risk of re-offending.  In view of
his convictions for theft of person (the robbery charge was reduced) and
evading arrest, his multiple violations of both his juvenile and adult
probations, his continued use of drugs, his second arrest for another robbery
and evading arrest, and his failure to complete sex offender treatment, the
trial court was well within its discretion to find that appellant should
publicly register as a sex offender

Appellant was an adult during the
period between the June 28 hearing and the November 11 hearing.  During
that period, he was again arrested and was high on pills at the time of his
arrest.  Appellant had the burden of proof by a preponderance of the evidence
to show that he deserved an exemption from registering, i.e., that either criteria
of Article 62.352(a) had been met.  Article 62.351(b).  Appellant did not meet
that burden.  Appellant’s sole issue is overruled.

This
Court’s Ruling

The order of the trial court is
affirmed.

 

 

                                                                                                TERRY
McCALL

                                                                                                JUSTICE

 

July 19, 2012

Panel consists of: Wright, C.J.,

McCall, J., and Kalenak, J.