

## COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-12-00430-CV

IN THE MATTER OF J.T.W.

----------

FROM THE 97TH DISTRICT COURT OF ARCHER COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant J.T.W. appeals from the juvenile court's order requiring him to register as a sex offender. We affirm the order.

## I. BACKGROUND

On November 9, 2010, the State filed a petition alleging that Appellant, who was sixteen, committed two counts of aggravated sexual assault and two counts of sexual assault against his brother and step-brother, who were both younger than fourteen at the time. Appellant stipulated to the facts supporting

---

[1]See Tex. R. App. P. 47.4.

the four counts, and on December 14, 2010, the juvenile court concluded that Appellant had engaged in delinquent conduct. *See* Tex. Family Code Ann. §§ 51.03(a), 54.03(f) (West Supp. 2012). That same day, the juvenile court held a disposition hearing and concluded that "the child is in need of rehabilitation and/or that the . . . child is in need of supervision." *See id.* § 54.04(c). The juvenile court placed Appellant on probation for two years (until December 13, 2012) and ordered him to comply with several terms and conditions, including the requirement that he complete a program for the treatment of sex offenders. *See id.* §§ 54.04(*l*) & (p), 54.0405. The juvenile court deferred its decision on requiring Appellant to register as a sex offender until after he successfully completed the sex-offender program. *See* Tex. Code Crim. Proc. Ann. art. 62.352(b)(1) (West 2006). Appellant signed a waiver of his right to appeal these orders. *See* Tex. Family Code Ann. § 56.01(n) (West Supp. 2012).

Appellant successfully completed the sex-offender program on December 15, 2011, and began out-patient treatment as previously ordered while continuing on probation. On October 9, 2012, the State filed a petition to modify the prior disposition to require Appellant to register as a sex offender because Appellant had violated the terms of his probation. *See id.* § 54.05 (West Supp. 2012). Specifically, the State alleged that Appellant had contact with children more than two years younger than himself ("the contact violation"), viewed pornographic material on the internet, and possessed sexually arousing material ("the pornography violations").

2

The juvenile court held a hearing on the State's petition on October 12, 2012. *See* Tex. Code Crim. Proc. Ann. art. 62.352(c) (West 2006); *see also* Tex. Family Code Ann. § 54.05(d) (West Supp. 2012) (mandating hearing upon State's motion to modify disposition). Appellant pleaded not true to the contact violation and true to the pornography violations. Appellant's juvenile probation officer, Jennifer Schindler, testified at the hearing. She stated that Appellant was given two polygraph examinations: one in June 2012 and one in September 2012. During the pre-examination interview for the June polygraph, Appellant admitted to the contact violation. Appellant admitted to the pornography violations during the pre-examination interview for the September polygraph. The State introduced the letters from the polygraph examiner into evidence at the hearing, detailing Appellant's pre-examination admissions.[2]

The juvenile court found that Appellant had violated the terms of his probation, as proved through the contact violation and the pornography violations; thus, the juvenile court concluded "that the adequate protection of the

---

[2]We recognize that the court of criminal appeals has held that polygraph-test results are inadmissible as unreliable. *See Leonard v. State*, 385 S.W.3d 570, 577–81 (Tex. Crim. App. 2012). But here, Appellant's polygraph results were not considered as a ground to require him to register as a sex offender. What was considered were Appellant's admissions that he committed the contact violation and the pornography violations during the pre-examination interviews. *See, e.g., United States v. Allard*, 464 F.3d 529, 533–34 (5th Cir. 2006); *Autry v. State*, Nos. 05-11-00217-CR, 05-11-00218-CR, 2012 WL 1920900, at *2–3 (Tex. App.—Dallas May 29, 2012, no pet.) (mem. op., not designated for publication); *Brisco v. State*, No. 01-00-00762-CR, 2002 WL 595075, at *1–2 (Tex. App.—Houston [1st Dist.] Apr. 18, 2002, pet. ref'd) (op. on reh'g, not designated for publication).

3

public and the rehabilitative needs of [Appellant] require[] that the terms of supervision for [Appellant] be modified to require that [Appellant] register as a sex offender [for ten years] in accordance with Article [62.051], Texas [Code] of Criminal Procedure."  *See* Tex. Code Crim. Proc. Ann. art. 62.352(c).

## II.  STANDARD OF REVIEW

In an appeal from an order requiring sex-offender registration, our standard of review "is whether the juvenile court . . . abused its discretion in requiring registration."[3]  *Id.* art. 62.357(b).  In our abuse-of-discretion review, we ask whether the juvenile court (1) had sufficient information upon which to exercise its discretion and (2) erred in its application of discretion.  *In re M.A.C.*, 999 S.W.2d 442, 446 (Tex. App.—El Paso 1999, no pet.).  We answer the first question under the well-trod principles of a sufficiency-of-the-evidence review.  *In re L.L., Jr.*, No. 08-10-00073-CV, 2011 WL 2162748, at *2 (Tex. App.—El Paso June 1, 2011, no pet.).  In short, we view all of the evidence introduced at the hearing in the light most favorable to the ruling to determine whether any rational trier of fact could have concluded that the public interest dictated registration. *See, cf.*, *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979) (discussing standard for determining whether sufficient evidence supports conviction); *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012) (same).

---

[3]We may also review the juvenile court's order for procedural error, but Appellant does not raise a procedural-error issue.

4

If sufficient evidence exists, we then determine under the second inquiry whether the juvenile court made a reasonable decision or an arbitrary one, i.e., a decision made without reference to guiding rules or principles. *L.L.*, 2011 WL 2162748, at *2. If the juvenile court did not enter specific findings, as is the case here, we examine the implied findings supporting the court's decision to require registration. *Id.* at *3.

## III. SUFFICIENCY OF THE EVIDENCE

Appellant appeals from the modification requiring registration and argues that there was no evidence supporting the conclusion that the public interest would be served by requiring him to register as a sex offender. *See* Tex. Code Crim. Proc. Ann. arts. 62.352(c), 62.357(b) (West 2006). It is undisputed that Appellant successfully completed the treatment program ordered by the juvenile court. Therefore, the juvenile court was required to exempt Appellant from the registration requirement unless the interests of the public required registration. Tex. Code Crim. Proc. Ann. art. 62.352(c).

The evidence admitted at the hearing revealed that Appellant admitted to viewing pornography on the computer; contacting minors on social-media sites, chat rooms, and interactive video games; sending pictures of his genitals in a text message to an adult woman; sending a picture of his genitals to a minor through a social-media site; consuming alcohol; and paying two minor girls to kiss each other in his presence. These actions were violations of the terms of Appellant's probation and most were the bases for the State's petition to modify disposition

5

to require registration. These multiple violations were sufficient evidence to uphold the juvenile court's implied findings supporting its conclusion that the interests of the public required registration. *See, e.g.*, Tex. Code Crim. Proc. Ann. art. 62.351(b) (delineating evidence court may consider in hearing to determine public interest in requiring registration); *In re J.D.G.*, 141 S.W.3d 319, 322 (Tex. App.—Corpus Christi 2004, no pet.) (holding evidence of multiple violations of probation terms supported order requiring registration). Further, we do not agree with Appellant's ostensible argument that one witness's testimony— here, Appellant's juvenile probation officer—is insufficient, *ipso facto*, to support a conclusion that the public interest requires registration. Article 62.351(b) does not require a specific amount of evidence, but only dictates the appropriate types of evidence that may be admitted, including witness testimony and exhibits, both of which were before the juvenile court at Appellant's hearing. *See* Tex. Code Crim. Proc. Ann. art. 62.351(b). Therefore, we conclude that the evidence was sufficient to justify the registration requirement; thus, the juvenile court did not abuse its discretion. We overrule Appellant's issue and affirm the juvenile court's order.

                                        LEE GABRIEL
                                        JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT and GABRIEL, JJ.

DAUPHINOT, J., filed a concurring opinion.

DELIVERED: July 11, 2013

6