Opinion filed July 28, 2016



In The

# Eleventh Court of Appeals

_____

## No. 11-14-00330-CV

_____

## IN THE MATTER OF M.C.H., A JUVENILE

**On Appeal from the County Court at Law**

**Midland County, Texas**

**Trial Court Cause No. 6234**

### M E M O R A N D U M   O P I N I O N

This appeal arises from the trial court's order in which it required M.C.H. to register as a sex offender. In a sole issue, M.C.H. argues that the trial court abused its discretion when it ordered him to register as a sex offender. We affirm.

In January 2012, Appellant was placed on probation for engaging in the delinquent conduct, on two occasions, of indecency with a child by sexual contact; the trial court deferred sex offender registration. The trial court modified Appellant's disposition in December 2012 after finding that Appellant had violated

several terms of his probation, including his failure to participate and progress in counseling. The trial court committed Appellant to the Texas Juvenile Justice Department (TJJD) and, again, deferred sex offender registration. This time, the trial court deferred registration until Appellant completed a sex offender treatment program. Appellant was discharged from TJJD on July 31, 2014, without successfully completing the treatment program. He was discharged because he had aged out of TJJD; he was released to his mother.

Subsequently, the State filed a motion in which it requested the trial court to exercise its discretion and enter a judgment requiring Appellant to register as a sex offender. The trial court held a hearing on whether Appellant should be required to publicly register as a sex offender and found that Appellant failed to successfully complete the treatment program as previously ordered. The trial court explained that it was concerned that Appellant had not received the counseling that he needed to help him address the reason that he was placed on probation, and thereafter, the trial court determined that Appellant's sex offender registration should no longer be deferred. The trial court also found that the protection of the public would be increased by registration and that the interest of the public required registration. The trial court further found that the potential increase in the protection of the public was not clearly outweighed by any anticipated substantial harm to Appellant and his family that would result from him registering as a sex offender.

Appellant does not dispute that he committed an offense that would generally require him to register as a sex offender. *See* TEX. CODE CRIM. PROC. ANN. arts. 62.001(5)(A), 62.051 (West Supp. 2015) (listing indecency with a child as a reportable conviction) and (requiring person who has reportable conviction to register). Appellant does, however, dispute whether registration should have been

required in this case. Specifically, Appellant argues that the trial court abused its discretion when it ordered Appellant to publicly register because the evidence presented did not support the required findings under Article 62.352 of the Texas Code of Criminal Procedure.

Article 62.352 provides that a trial court shall enter an order exempting a juvenile from registration if the court determines that the protection of the public would not be increased by registration of the juvenile or that any potential increase in protection of the public resulting from registration of the juvenile is clearly outweighed by the anticipated substantial harm to the juvenile and his family that would result from the registration. *Id.* art. 62.352(a). Here, the trial court made express findings to the contrary. The burden is on the juvenile to show by a preponderance of the evidence that either criterion of Article 62.352(a) has been met and that the juvenile should be exempt from registration. *Id.* art. 62.351(b) (West 2006).

Under Article 62.352, the trial court is granted discretion to defer registration or to allow private registration in lieu of public registration. *Id.* art. 62.352(b). If the trial court enters an order deferring registration, it retains discretion and jurisdiction to require registration on the unsuccessful completion of treatment. *Id.* art. 62.352(c). The trial court included similar language in its order in which it deferred registration: "This Court retains discretion to require or to excuse registration at any time during the treatment program or on its successful or unsuccessful completion."

In reviewing a trial court's disposition in which it required registration, we look to whether the court committed procedural error or abused its discretion when it required registration. *Id.* art. 62.357(b). A trial court abuses its discretion when it

acts in an arbitrary or unreasonable manner or without reference to guiding rules and principles. *In re T.E.G.*, 222 S.W.3d 677, 679 (Tex. App.—Eastland 2007, no pet.). In our review of whether the trial court abused its discretion, we must first determine whether the trial court had sufficient information upon which to exercise its discretion and, if so, whether the court made a reasonable decision or an arbitrary decision. *In re L.L., Jr.*, 408 S.W.3d 383, 385 (Tex. App.—El Paso 2011, no pet.) (citing *In re M.A.C.*, 999 S.W.2d 442, 446 (Tex. App.—El Paso 1999, no pet.)).

Appellant contends that there was no evidence that public protection would be increased by registration because the evidence showed that Appellant was at only a moderate risk to sexually reoffend and that he expressed remorse and empathy for his past conduct. Appellant also asserts that the public interest in increased protection was not clearly outweighed by the substantial harm to him and his family because Appellant and his mother both testified that they would lose their jobs if Appellant was required to register. Appellant also testified that he would be assaulted, as he was assaulted many times while incarcerated in TJJD. He further testified that he was suffering from a sleep disorder and depression. Appellant argues that, based on the evidence presented, the trial court could have achieved the same results by allowing private registration instead of requiring public registration.

The State responds that Appellant was entitled to an exemption following successful completion of the program but that Appellant did not successfully complete the program. The State argues that the testimony of Appellant and his mother regarding what "could" happen if Appellant had to register was merely "conjectural theorizing" and that Appellant did not meet his burden to show that the potential harm outweighed the need "to protect the public from a sex offender who made no sincere effort to successfully complete his sex offender counseling and

treatment program." The State further argues that the evidence showed that Appellant was a danger to the public because he was at a moderate risk to reoffend: "The public has a right to know that appellant has committed a sexual offense for which he has shown no substantial determination to change his behavior."

We apply the civil standards in reviewing the legal and factual sufficiency of the evidence supporting a juvenile court's disposition decision. *In re T.E.G.*, 222 S.W.3d at 678–79; *In re C.J.H.*, 79 S.W.3d 698, 703 (Tex. App.—Fort Worth 2002, no pet.). In considering a legal sufficiency challenge, we review all the evidence in the light most favorable to the trial court's judgment and indulge every reasonable inference in its favor. *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005). We credit any favorable evidence if a reasonable factfinder could and disregard any contrary evidence unless a reasonable factfinder could not. *Id.* at 827. In reviewing a factual sufficiency challenge, we consider all of the evidence and uphold the judgment unless it is so against the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986).

The record shows that Appellant initially failed to participate in sex offender counseling as required under the terms of his probation and that Appellant told his counselor that, if he required Appellant to register as a sex offender, Appellant would make sure that he died. Appellant walked out of counseling and did not assume responsibility for the offense. When the trial court modified his probation and required him to complete the sex offender treatment program, he was discharged from the program for not progressing as required. He reentered the program but still did not complete the program before he aged out of TJJD. The program was comprised of four steps; Appellant completed only two of the four steps required

despite being committed to TJJD for almost two years. Appellant's treatment provider testified that Appellant was at a moderate risk to reoffend.

Although Appellant's mother testified that she thought she would lose her job and would have to move if Appellant had to register, the State pointed out during cross-examination that Appellant's mother and Appellant had different last names and that Appellant was not even living with her at the time of the hearing. The State also emphasized during cross-examination that Appellant already had a job with UPS. Appellant's mother agreed that Appellant would not have to complete another job application for UPS; however, she explained that he would still have to tell UPS about registering and about being a convicted felon and that UPS would then have to decide whether to keep Appellant as an employee. The trial court informed Appellant and his mother that Appellant was not convicted of a felony even though his delinquent conduct was for a felony grade offense. Thus, the trial court explained that Appellant would not be required to disclose on an employment application that he had been convicted of a felony.

Appellant explained that he believed that he would lose his job because he "would probably fight a lot of people." He further explained that, "if they find out I was a registered sex offender, then they would probably want to fight me or end up killing me. . . . I would also have to be watching my back every single day." Appellant testified that he did not want to live with his friends if he had to register. He testified that he would probably move back in with his mother until he could save up for his own apartment. When asked what else he thought would happen if he were required to register, he responded: "I don't know. Like just bad things, I guess."

Although Appellant and his mother testified that they believed that they would lose their jobs, the trial court could have found that neither offered reasonable explanations as to why this would occur. As is evident by the trial court's explanation of Appellant's adjudication, Appellant's mother's belief that Appellant would lose his job was misinformed. In addition, she gave no explanation as to why she believed that she would lose her job besides the fact that she had already lost one job. She did not, however, explain the details of, or the reasoning behind, why she lost the other job, nor did she explain how her previous termination was related to Appellant's delinquent conduct. Appellant's reasoning was based on his belief that he would be required to fight people that found out about him being a registered sex offender. However, he offered no explanation as to why he believed that a person who was defending himself from physical harm would be fired. Appellant's mother also gave no explanation as to why she would have to move from her current location if Appellant moved in with her. Appellant did not offer any other evidence that the protection of the public would not be increased by his registration or that any potential increase in protection was clearly outweighed by the anticipated substantial harm to him and his family. Based on this evidence, we cannot say that Appellant met his burden to show by a preponderance of the evidence that either criterion under Article 62.352(a) had been met.

The trial court had sufficient evidence before it to exercise its discretion in requiring Appellant to register as a sex offender. The trial court focused on Appellant's failure to complete counseling and to complete the treatment program despite several chances to do so. The evidence showed that Appellant was a moderate risk to reoffend, and the trial court specifically noted that it was concerned that Appellant had not received the counseling that he needed to help him address

7

the reasoning behind his delinquent conduct. Therefore, we hold that the trial court did not abuse its discretion when it required Appellant to register as a sex offender. *See In re C.G.M.*, No. 11-12-00031-CV, 2012 WL 2988818, at \*3–4 (Tex. App.—Eastland July 19, 2012, no pet.) (mem. op.) (affirming an order in which the trial court required the juvenile to register because, in part, the juvenile had failed to complete sex offender treatment despite having two and one-half years to do so); *In re J.D.G.*, 141 S.W.3d 319, 322 (Tex. App.—Corpus Christi 2004, no pet.) (holding that the trial court did not abuse its discretion when it declined to continue to defer registration where the juvenile violated numerous terms of probation and had made little progress in sex offender treatment). Appellant's sole issue is overruled.

We affirm the order of the trial court.


JIM R. WRIGHT
CHIEF JUSTICE


July 28, 2016

Panel consists of: Wright, C.J.,
Bailey, J., and Countiss.[1]

Willson, J., not participating.

---

[1]Richard N. Countiss, Retired Justice, Court of Appeals, 7th District of Texas at Amarillo, sitting by assignment.