

# NUMBER 13-18-00135-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI–EDINBURG

## IN THE MATTER OF B.J.H.B.

On appeal from the County Court at Law
of San Patricio County, Texas.

# MEMORANDUM OPINION

**Before Justices Benavides, Longoria, and Perkes**
**Memorandum Opinion by Justice Perkes**

This case involves an appeal from a juvenile court's order requiring appellant B.J.H.B. to non-publicly register as a sex offender. *See* TEX. CODE CRIM. PROC. art. 62.357(b) (authorizing appeal from an order requiring sex offender registration). By two issues, appellant argues: (1) the evidence was legally and factually insufficient to support

the trial court's finding; and (2) the trial court erred in failing to allow appellant to present evidence.[1]   We reverse.

## I.   BACKGROUND

B.J.H.B. was born on March 18, 2000.   On September 14, 2016, when B.J.H.B. was sixteen years old, the State filed its original petition alleging that he had engaged in delinquent conduct by committing the felony offense of sexual assault of a child when he was fourteen years old.[2]   *See* TEX. PENAL CODE § 22.011(a)(2)(A).

On October 17, 2016, the trial court, sitting as a juvenile court, signed an adjudication order, finding that B.J.H.B. had engaged in delinquent conduct.[3]   The juvenile court placed B.J.H.B. on probation for two years, subject to various conditions, and deferred a finding of whether sex offender registration would be required in this case. *See* TEX. CODE CRIM. PROC. art. 62.352(b)(1) (allowing the juvenile court to defer a registration decision).

B.J.H.B. was required, in part, to: (1) participate in intensive supervision probation; (2) abstain from any contact with the complaining witness[4]; (3) maintain a minimum grade of seventy in each class in school; (4) submit to random urinalysis testing; (5) perform eighty hours of community service; (6) complete the Teen Intervention and Prevention

---

[1] In its brief, the State concurred with appellant's arguments and requested that this Court reverse the juvenile court's judgment.

[2] The petition alleged that appellant "intentionally and knowingly cause[d] the penetration of the sexual organ of [his half-sister] who was then and there younger than 14 years of age, by [appellant's] finger."   His half-sister was eight years old at the time of the alleged offense.

[3] B.J.H.B. was represented by counsel.   B.J.H.B. waived several rights, including his right to a jury trial, and judicially confessed to the State's allegation of delinquency in the petition.

[4] B.J.H.B. was not permitted to reside in the same residence as his half-sister.   The Texas Department of Family and Protective Services (the Department) intervened, and B.J.H.B. was placed in foster care.

Program, Parents and Children Together Program, and Aggression Replacement Training; (7) attend counseling; (8) undergo a polygraph examination; and (9) abide by a curfew and all GPS monitoring restraints.

Following the State's submitted motion and request for judgment "requiring [B.J.H.B.] to register as a sex offender or excuse registration," the court held a registration determination hearing on March 1, 2018. *See* TEX. CODE CRIM. PROC. art. 62.351(b) (providing that the burden is on the juvenile at a registration determination hearing).

Although the juvenile carried the burden, the State was asked to proceed first. *See id.* Gloria Tanguma, B.J.H.B.'s juvenile probation officer, testified that B.J.H.B. had been placed at Pegasus School, a school for adjudicated juveniles, and B.J.H.B. had been successfully discharged from the program. B.J.H.B. completed all of his programs and therapy, passed his classes and a polygraph exam, reported as required, and was overall "doing very well." There were no probationary violations reported or concerns of reoffending risks articulated. However, Taguma testified it was probation's policy to "always recommend that [juvenile offenders] be registered as sex offenders" irrespective of a juvenile's individual successes.

The State also called B.J.H.B. to testify. B.J.H.B., seventeen years old and living in a foster home with other adjudicated sex offenders at the time of the hearing, briefly testified to his own history of sexual and physical abuse.[5] B.J.H.B. also spoke about his progress and hopes to voluntarily remain in foster care after he turned eighteen. B.J.H.B. said he understood that remaining in foster care would subject him to the

---

[5] B.J.H.B. stated he was sexually abused when he was five years old. He was also the recipient of physical abuse at the hands of his step-father up until B.J.H.B. was removed from the home in 2016.

3

Department's rules and continued monitoring long after his probation expired,[6] but he reasoned that this decision would provide him with the structure and financial support that he would not otherwise have to pursue a "career as a welder" and "get [his] associate's degree."

The court then asked B.J.H.B. to discuss the underlying offense and victim, inquiring into what B.J.H.B. disclosed during the polygraph exam and whether there were any other children that B.J.H.B. had reported "sexual contact with." B.J.H.B. testified that he had inappropriately touched twenty-two other children. According to B.J.H.B., the other children were "the same age" as he was, and the "sexual contact" occurred when B.J.H.B. was between the ages of eight and ten. B.J.H.B. reiterated that his therapy has had a "positive impact in [his] life," changing him "mentally and emotionally," and he urged the court to consider a registration exemption.

B.J.H.B.'s attorney requested to call B.J.H.B.'s caseworker, B.J.H.B.'s mother, and an individual from B.J.H.B.'s current placement at the Burke Center for Youth to testify on B.J.H.B.'s behalf. The juvenile court did not permit testimony from any of B.J.H.B.'s witnesses.

The State and B.J.H.B.'s attorney provided a joint recommendation, shared by B.J.H.B.'s treatment team, that B.J.H.B. be exempt from registration. The juvenile court maintained, given the number of children that had been "exposed to inappropriate behavior" by B.J.H.B., the court could not "in good conscience" find exemption from registration appropriate. The court ordered sex offender registration for a period of ten years and made the following written findings:

---

[6] B.J.H.B.'s probation was set to expire that same month.

4

1.      The interests of the public do not require public registration under Chapter 62 of the Texas Code of Criminal Procedure; and

2.      The protection of the public would not be increased by public registration of the Respondent under Chapter 62 of the Texas of Criminal Procedure; or

3.      Any potential increase in protection of the public resulting from public registration is clearly outweighed by any anticipated substantial harm to the Respondent and the Respondent's family that would result from public registration under Chapter 62 of the Texas Code of Criminal Procedure.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Respondent shall register as a sex offender pursuant to Chapter 62 of the Texas Code of Criminal Procedure; however, said registration shall be made nonpublic.

This appeal followed.

## II.    STANDARD OF REVIEW

Juvenile delinquency proceedings are generally considered civil proceedings with quasi-criminal elements, governed by the Texas Family Code. *See In re Hall*, 286 S.W.3d 925, 927 (Tex. 2009); TEX. FAM. CODE ANN. § 54.0405 (discussing juvenile probationary requirements in sex offenses). Juvenile sex offender registration proceedings, however, are specifically governed by chapter 62 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 62.351; *In re J.D.G.*, 141 S.W.3d 319, 321 (Tex. App.—Corpus Christi–Edinburg 2004, no pet.).

In an appeal from an order requiring sex-offender registration, our standard of review "is whether the juvenile court committed procedural error or abused its discretion in requiring registration." TEX. CODE CRIM. PROC. ANN. art. 62.357(b). Further, challenges to the legal and factual sufficiency of the evidence are subsumed in the abuse of discretion analysis. *See In re L.L., Jr.*, 408 S.W.3d 383, 385 (Tex. App.—El Paso

5

2011, no pet.). A trial court abuses its discretion if "it acts arbitrarily, without regard to any guiding rules and principles." *In re Dunsmore*, 562 S.W.3d 732, 733 (Tex. App.— Houston [1st Dist.] 2018, no pet.) (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985)).

### III. APPLICABLE LAW & ANALYSIS

B.J.H.B. and the State argue that B.J.H.B. should not have been ordered to register because (1) the evidence was legally and factually insufficient to support the court's finding that registration was in the public's interest, and (2) the court erred in disallowing B.J.H.B. to produce evidence, thereby committing a violation of B.J.H.B.'s due process rights. Because the second issue is subsumed in an analysis of the first, we address the issues jointly.

A juvenile court is permitted to defer its decision "to require, or exempt the respondent from, registration." TEX. CODE CRIM. PRO. ANN. art. 62.352(c). However, once the respondent successfully completes sex offender treatment, "the respondent is exempted from registration under this chapter *unless* a hearing under this subchapter [62.351] is held on motion of the prosecuting attorney, regardless of whether the respondent is 18 years of age or older, *and* the court determines the interests of the public require registration." *Id.* (emphasis added). Moreover, "[t]he hearing is without a jury and the burden of persuasion is on the respondent to show by a preponderance of evidence that the criteria of Article 62.352(a) have been met." TEX. CODE CRIM. PRO. ANN. art. 62.351(b). Article 62.352(a) requires evidence (1) that the protection of the public would not be increased by registration of the respondent under this chapter; or (2) that any potential increase in protection of the public resulting from registration of the

6

respondent is clearly outweighed by the anticipated substantial harm to the respondent. *Id.* art. 62.352(a)(1–2). In other words, should a respondent successfully complete treatment and the State nonetheless requests a registration determination, the respondent then carries the burden in a registration determination hearing to prove that an exception is warranted. *See id.*

It is undisputed that (1) B.J.H.B. successfully completed sex offender treatment, (2) the determination hearing was held on the State's motion, and (3) B.J.H.B. was not permitted to produce evidence to shoulder his burden of proving by a preponderance of the evidence that he was exempt from registration. *See* TEX. CODE CRIM. PRO. ANN. art. 62.351(b); *id.* art. 62.352(c).

B.J.H.B. argues the juvenile court's disallowance of evidence on his own behalf was in violation of his Fifth and Fourteenth Amendment due process rights. Understanding that the United State Supreme Court and Texas Supreme Court's prior applications of constitutional protections to juveniles in juvenile court proceedings have been tenuous and nuanced, we find it unnecessary to comment on whether this disallowance amounts to a violation of a constitutionally protected right. *See McKeiver v. Pennsylvania*, 403 U.S. 528, 541–50 (1971) (delineating which constitutional protections apply to juveniles in juvenile court proceedings and evaluating whether and to what degree each constitutional protection extends to juvenile proceedings); *but see Hidalgo v. State*, 983 S.W.2d 746, 752 (Tex. Crim. App. 1999) (observing that the legislatives' "mandated the use of the Texas Rules of Criminal Evidence and the evidentiary provisions . . . of the Code of Criminal Procedure instead of their civil counterparts for judicial proceedings involving juveniles" are but some examples of

7

"recent legislative changes [which] continue to erode the original justifications for denying juveniles the same procedural protections as adults") (internal citations omitted). Instead, we find the juvenile court abused its discretion by prohibiting B.J.H.B. from presenting evidence—a burden and right conferred unequivocally by statute. *See* TEX. CODE CRIM. PRO. ANN. art. 62.351(b).

While the legislature intended to subject juveniles adjudicated for sexually-related offenses to the mandates of sex offender registration and notification provisions, the legislature also provided juveniles with an avenue for exemption from registration. *See id.* B.J.H.B., as the respondent seeking exemption, was statutorily burdened with the responsibility of "show[ing] by a preponderance of evidence that the criteria of Article 62.352(a) [had] been met," *see id.*, which necessitates evidence that "the protection of the public would not be increased by registration of the respondent" or "that any potential increase in protection of the public resulting from registration of the respondent is clearly outweighed by the anticipated substantial harm to the respondent." *Id.* art. 62.352(a)(1–2). The juvenile court's refusal to allow B.J.H.B. to put on any witness testimony chilled B.J.H.B.'s ability to present any article 62.352(a) evidence. Because it is axiomatic in our jurisprudence that the party with the burden of proof be allowed to introduce some evidence, *see generally JLG Trucking, LLC v. Garza*, 466 S.W.3d 157, 164–65 (Tex. 2015), the juvenile court's failure to allow any evidence from B.J.H.B. was, at minimum, without regard to guiding rules and therefore, an abuse of discretion. *See* TEX. CODE CRIM. PROC. ANN. art. 62.357(b); *In re Dunsmore*, 562 S.W.3d at 733.

Moreover, because the juvenile court abused its discretion in making its determination without consideration of the statutory requirement, *see* TEX. CODE CRIM.

PROC. ANN. art. 62.351(b)(1)–(4), the subsequent judgment cannot be said to have been proper.[7]   *See In re Hall*, 286 S.W.3d at 927; *see also* TEX. R. APP. P. 44.1(a)(1) (providing that judgment may be reversed where trial court "probably caused the rendition of an improper judgment").   We sustain appellant's dispositive second issue and find reversal appropriate.   *See In re L.L., Jr.*, 408 S.W.3d at 385.

## IV.   CONCLUSION

We reverse the trial court's judgment and remand the case for further proceedings consistent with this opinion.

GREGORY T. PERKES<br>
Justice

Delivered and filed the
14th day of November, 2019.

---

[7] We remain unpersuaded by B.J.H.B. and the State's arguments that there was *no* evidence presented to support a finding that the interests of the public warranted registration.   *See generally* TEX. CODE CRIM. PROC. ANN. art. 62.351(a)(1–2).   However, our disagreement is limited to the extent that the court was permitted to consider B.J.H.B.'s statements regarding his "sexual contact" with twenty-two other children.   *See, e.g.*, *In re L.L., Jr.*, 408 S.W.3d 383, 385 (Tex. App.—El Paso 2011, no pet.) (permitting the juvenile court's consideration of a juvenile's polygraph-related disclosure that he had "engaged in inappropriate sexual behaviors with a total of twenty-nine persons, both male and female, and of those, fourteen were family members" for purposes of the "interests of the public element").   We, however, provide no comment regarding the weight of this particular evidence, finding an independent analysis of legal and factual sufficiency unnecessary.   *See* TEX. R. APP. P. 47.1; *see also In re R.A.*, 465 S.W.3d 728, 742 (Tex. App.—Houston [14th Dist.] 2015, pet. denied) ("Under an abuse-of-discretion standard, legal and factual insufficiency are not independent grounds of error.").